UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Michael Sheean, *on behalf of himself and others similarly situated*, | ) Case No: <br> ) <br> ) CLASS ACTION COMPLAINT |
| Plaintiff, | ) <br> ) JURY TRIAL DEMANDED |
| v. | ) <br> ) |
| Convergent Outsourcing, Inc. | ) <br> ) |
| Defendant. | ) <br> ) |

**Nature of this Action**

1. Michael Sheean ("Plaintiff") brings this class action against Convergent Outsourcing, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent, in that Defendant places autodialed and prerecorded or artificial voice calls to wrong or reassigned cellular telephone numbers, and in that Defendant continues to place autodialed and prerecorded or artificial voice calls to cellular telephone numbers after being told by call recipients to stop future calls.

3. Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C.

1

Case 2:18-cv-11532-GCS-RSW   ECF No. 1   filed 05/15/18   PageID.2   Page 2 of 12

§ 1692k(d), and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Rochester Hills, Michigan.

7. Defendant is a company based in Atlanta, Georgia, with additional facilities located in Glendale, Arizona, Renton, Washington, Houston, Texas, and Montgomery, Alabama.[1]

8. Defendant offers business process outsourcing, revenue cycle, and receivables management services.[2]

9. Defendant also provides receivables collection services to credit grantors in retail, telecommunications, and utilities industries.[3]

10. Defendant operates as a subsidiary of Convergent Resources Holdings, LLC.[4]

11. Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. Defendant acknowledges on its website that it places calls to telephone numbers in error:

---

[1] https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=6686649 (last visited April 11, 2018).

[2] *Id.*

[3] *Id.*

[4] *Id.*

2

> If calls are coming to you in error . . . we will remove your number from our call list at your request. Please do one of the following:
>
> - Fill out the form to the left to be added to our Do Not Call List
>
> - Call toll-free at 1-855-728-9701 and follow the guided prompts to be added to our Do Not Call List
>
> Please note once this information has been updated, it may take 24 to 72 hours to finalize your request. We appreciate your time and patience.

https://www.convergentusa.com/outsourcing/request/make/2 (last visited on April 11, 2018).

## Factual Allegations

14. Telephone number (248) 881-XXXX is, and at all relevant times was, assigned to a cellular telephone service.

15. At one point, Kathleen Sheean—Plaintiff's now-deceased mother—was the user of telephone number (248) 881-XXXX.

16. Plaintiff and his minor child are now, and were at all relevant times, the users of telephone number (248) 881-XXXX.

17. Plaintiff is an authorized user of, and the AT&T cellular telephone service plan account manager for, telephone number (248) 881-XXXX.

18. Plaintiff carries the device associated with telephone number (248) 881-XXXX with him on a daily basis.

19. On various dates in 2018, Defendant placed calls to telephone number (248) 881-XXXX.

20. On various dates in 2018, Defendant delivered prerecorded or artificial voice messages to telephone number (248) 881-XXXX.

21. On or about March 7, 2018, Plaintiff answered a call that Defendant placed to telephone number (248) 881-XXXX.

22. During the resulting conversation, Defendant informed Plaintiff that it was attempting to reach someone named Keysha Prince (or a similar-sounding name).

23. Plaintiff does not know the woman who Defendant attempted to reach by way of the call it placed to telephone number (248) 881-XXXX on or about March 7, 2018.

24. Accordingly, during his call with Defendant on or about March 7, 2018, Plaintiff informed Defendant that he was not the woman Defendant attempted to reach, and instructed Defendant not to place calls to telephone number (248) 881-XXXX.

25. Defendant, nonetheless, continued to place calls to telephone number (248) 881-XXXX, including two calls on March 20, 2018, and one call on March 21, 2018.

26. Consequently, Plaintiff placed a call to Defendant, and during the resulting conversation again instructed Defendant not to place calls to telephone number (248) 881-XXXX.

27. Defendant, nonetheless, continued to place calls to telephone number (248) 881-XXXX.

28. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendant placed its calls to telephone number (248) 881-XXXX by using an automatic telephone dialing system.

29. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendant placed its calls to telephone number (248) 881-XXXX by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

30. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendant placed its calls to telephone number (248) 881-XXXX by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

31. Upon information and good faith belief, Defendant placed its calls to telephone number (248) 881-XXXX for non-emergency purposes.

32. Upon information and good faith belief, Defendant placed its calls to telephone number (248) 881-XXXX voluntarily.

33. Upon information and good faith belief, Defendant placed its calls to telephone number (248) 881-XXXX under its own free will.

34. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system and an artificial or prerecorded voice to place its calls to telephone number (248) 881-XXXX.

35. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system and an artificial or prerecorded voice to place its calls to telephone number (248) 881-XXXX.

36. Neither Plaintiff, nor his minor child, nor his mother, is, or was, one of Defendant's customers.

37. Neither Plaintiff, nor his minor child, nor his mother, did have, or has, a business relationship with Defendant.

38. Neither Plaintiff, nor his minor child, nor his mother, gave Defendant prior express consent to place calls to telephone number (248) 881-XXXX by using an automatic telephone dialing system or an artificial or prerecorded voice.

39. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to telephone number (248) 881-XXXX.

40. Plaintiff suffered actual harm as a result Defendant's calls in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

41. Moreover, Defendant's calls at issue unnecessarily tied up the telephone line associated with telephone number (248) 881-XXXX.

42. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system and an artificial or prerecorded voice to place calls, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

**Class Action Allegations**

43. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

*TCPA class 1*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Convergent Outsourcing, Inc.'s calls, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from November 11, 2016 through the date of class certification.

*TCPA class 2*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from November 11, 2016 through the date of class certification, (5) after Convergent Outsourcing, Inc. was instructed to stop placing calls to his or her telephone number.

*FDCPA class*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) within the one year preceding the date of this complaint through the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after Convergent Outsourcing, Inc. was instructed to stop placing calls to his or her telephone number.

44. Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

45. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

46. The exact number of the members of the classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

47. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

48. In addition, the members of the classes are identifiable in that, upon information

and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

49. Plaintiff's claims are typical of the claims of the members of the classes.

50. As it did for all members of the TCPA classes, Defendant used an automatic telephone dialing system, and an artificial or prerecorded voice, to place calls to telephone number (248) 881-XXXX.

51. As it did for all members of the classes, Defendant continued to place calls to telephone number (248) 881-XXXX despite having been informed that Plaintiff was not the intended recipient of Defendant's calls.

52. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

53. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

54. Plaintiff suffered the same injuries as the members of the classes.

55. Plaintiff will fairly and adequately protect the interests of the members of the classes.

56. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

57. Plaintiff will vigorously pursue the claims of the members of the classes.

58. Plaintiff has retained counsel experienced and competent in class action litigation.

59. Plaintiff's counsel will vigorously pursue this matter.

60. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

61. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

62. Issues of law and fact common to all members of the classes are:

   a. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   b. Defendant's violations of the TCPA;

   c. Defendant's violations of the FDCPA;

   d. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

   e. Defendant's use of an artificial or prerecorded voice;

   f. Defendant's status as a debt collector as defined by the FDCPA;

   g. The availability of statutory penalties; and

   h. The availability of attorneys' fees and costs.

63. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

64. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

65. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

66. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

67. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

68. The damages suffered by each individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

69. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

70. There will be little difficulty in the management of this action as a classes action.

71. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

72. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-71.

73. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system, and an artificial or prerecorded voice, to place calls to telephone number (248) 881-XXXX, without consent.

74. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the TCPA classes, are entitled to damages in an amount to be proven at trial.

## Count II
### Violation of 15 U.S.C. § 1692d

75. Plaintiff repeats and re-alleges each and every factual allegation included in paragraph 1-71.

76. By calling Plaintiff after it was aware that it was calling the wrong number, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. § 1692d;

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the proposed TCPA classes.

f) Awarding Plaintiff and the classes damages under 47 U.S.C. § 227(b)(3)(B) and 15 U.S.C. § 1692k(a)(1);

g) Awarding Plaintiff and the members of the TCPA classes treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1692k(a)(1)(3);

    i)   Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

    j)   Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: May 15, 2018             */s/ Aaron D. Radbil*
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Michael L. Greenwald
James L. Davidson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com

Andrew Campbell
Attorney at Law
1000 Beach Street, Suite B West Entrance
Flint, MI 48502
Phone: (810) 232-4344
michiganbk@gmail.com

Counsel for Plaintiff and the proposed classes