# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| Michael Sheean, *on behalf of himself and others similarly situated*, | ) ) ) | Case No: 2:18-cv-11532-GCS-RSW |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Convergent Outsourcing, Inc. | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## DECLARATION OF AARON D. RADBIL IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1.     My name is Aaron D. Radbil.

2.     I am over twenty-one years of age.

3.     I am fully competent to make the statements included in this declaration.

4.     I have personal knowledge of the statements included in this declaration.

5.     I am a partner at Greenwald Davidson Radbil PLLC ("GDR").

6.     I am counsel for Michael Sheean ("Plaintiff").

7.     I am admitted to practice before this Court.

8.     I submit this declaration in support of Plaintiff's unopposed motion for

preliminary approval of the parties' class action settlement.

## GDR

9.    GDR has been appointed class counsel in a number of class actions under the Telephone Consumer Protection Act ("TCPA"), including:

- *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238 (D. Ariz. 2019);

- *Williams v. Bluestem Brands, Inc.*, 2019 WL 1450090 (M.D. Fla. Apr. 2, 2019);

- *Reyes v. BCA Fin. Servs., Inc.*, 2018 WL 3145807 (S.D. Fla. June 26, 2018), *reconsideration denied,* 2018 WL 5004864 (S.D. Fla. Oct. 15, 2018);

- *Martinez, et al., v. Medicredit, Inc.*, No. 4:16-cv-01138 ERW, Doc. 95 (E.D. Mo. Dec. 15, 2017);

- *Johnson v. NPAS Solutions, LLC*, 2017 WL 6060778 (S.D. Fla. Dec. 4, 2017);

- *Luster v. Wells Fargo Dealer Servs., Inc.*, No. 1:15-cv-01058-TWT, Doc. 80 (N.D. Ga. Nov. 8, 2017);

- *Prather v. Wells Fargo Bank, N.A.*, No. 1:15-cv-04231, Doc. 55 (N.D. Ga. Aug. 31, 2017);

- *Johnson v. Navient Solutions, Inc.*, No. 1:15-cv-00716-LJM-MJD, Doc. 177 (S.D. Ind. July 13, 2017);

- *James v. JPMorgan Chase Bank, N.A.*, 2017 WL 2472499 (M.D. Fla. June 5, 2017);

- *Schwyhart v. AmSher Collection Servs., Inc.*, 2017 WL 1034201 (N.D. Ala. Mar. 17, 2017);

- *Cross v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01270-RWS, Doc. 103 (N.D. Ga. Feb. 10, 2017);

- *Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, Doc. 90 (N.D. Ga. Jan. 30, 2017);

- *Prater v. Medicredit, Inc. and The Outsource Grp., Inc.*, 2015 WL 8331602 (E.D. Mo. Dec. 7, 2015);

- *Jones v. I.Q. Data Int'l, Inc.*, 2015 WL 5704016 (D.N.M. Sept. 23, 2015); and

- *Ritchie v. Van Ru Credit Corp.*, 2014 WL 3955268 (D. Ariz. Aug. 13, 2014).

10. As class counsel in these TCPA actions, GDR helped to recover over $100 million for class members over the past few years alone.

11. During the past three years, GDR has also been appointed class counsel in dozens of class actions under consumer protection statutes other than the TCPA, such as the Fair Debt Collection Practices Act ("FDCPA"), including:

- *Dickens on behalf of estate of Dickens v. GC Servs. Ltd. P'ship*, 2019 WL 2280456 (M.D. Fla. May 28, 2019);

- *Kagno v. Bush Ross, P.A.*, 2017 WL 6026494 (M.D. Fla. Dec. 4. 2017);

- *Johnston v. Kass Shuler, P.A.*, 2017 WL 1231070 (M.D. Fla. Mar. 29, 2017);

- *Jallo v. Resurgent Capital Servs., L.P.*, 2017 WL 914291 (E.D. Tex. Mar. 7, 2017);

- *Macy v. GC Servs. Ltd. P'ship*, 2017 WL 489420 (W.D. Ky. Feb. 6, 2017);

- *Rhodes v. Nat'l Collection Sys., Inc.*, 317 F.R.D. 579 (D. Colo. 2016);

- *McCurdy v. Prof'l Credit Serv.*, 2016 WL 5853721 (D. Or. Oct. 3, 2016);

- *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673 (N.D. Cal. 2016);

- *Globus v. Pioneer Credit Recovery, Inc.*, 2016 WL 4069285 (W.D.N.Y. July

27, 2016);

- *McWilliams v. Advanced Recovery Sys., Inc.*, 310 F.R.D. 337 (S.D. Miss. 2015);

- *Rhodes v. Olson Assocs., P.C., d/b/a Olson Shaner*, 83 F. Supp. 39 1096 (D. Colo. 2015);

- *Roundtree v. Bush Ross, P.A.*, 304 F.R.D 644 (M.D. Fla. 2015); and

- *Donnelly v. EquityExperts.org, LLC*, No. 13-10017, 2015 WL 249522 (E.D. Mich. Jan. 14, 2015) (Berg, J.).

12.    Multiple district courts have commented on GDR's useful knowledge and experience in connection with class action litigation.

13.    For example, in *Schwyhart v. AmSher Collection Servs., Inc.*, Judge John E. Ott, Chief Magistrate Judge of the Northern District of Alabama, stated upon granting final approval of a TCPA settlement in which he appointed GDR as class counsel:

> I cannot reiterate enough how impressed I am with both your handling of the case, both in the Court's presence as well as on the phone conferences, as well as in the written materials submitted. . . . I am very satisfied and I am very pleased with what I have seen in this case. As a judge, I don't get to say that every time, so that is quite a compliment to you all, and thank you for that.

No. 2:15-cv-1175-JEO (N.D. Ala. Mar. 15, 2017).

14.    In *Ritchie v. Van Ru Credit Corp.*, Judge Stephen McNamee, Senior U.S. District Court Judge for the District of Arizona, stated upon granting final approval of the TCPA class settlement at issue:

> I want to thank all of you. It's been a pleasure. I hope that you will come back and see us at some time in the future. And if you don't, I have a lot of cases I would like to assign you, because you've been immensely helpful both to your clients and to the Court. And that's important. So I want to thank you all very much.

Case No. CIV-12-1714 (D. Ariz. July 21, 2014).

15.     In *McWilliams v. Advanced Recovery Sys., Inc.*, Judge Carlton W.

Reeves of the Southern District of Mississippi described GDR as follows:

> More important, frankly, is the skill with which plaintiff's counsel litigated this matter. On that point there is no disagreement. Defense counsel concedes that her opponent—a specialist in the field who has been class counsel in dozens of these matters across the country—'is to be commended for his work' for the class, 'was professional at all times' . . . , and used his 'excellent negotiation skills' to achieve a settlement fund greater than that required by the law.
>
> The undersigned concurs . . . Counsel's level of experience in handling cases brought under the FDCPA, other consumer protection statutes, and class actions generally cannot be overstated.

No. 3:15-CV-70-CWR-LRA, 2017 WL 2625118, at *3 (S.D. Miss. June 16, 2017).

16.     Similarly, in *Roundtree v. Bush Ross, P.A.*, Judge James D. Whittemore

of the Middle District of Florida wrote, in certifying three separate classes and

appointing GDR class counsel: "Greenwald [Davidson Radbil PLLC] has been

appointed as class counsel in a number of actions and thus provides great experience

in representing plaintiffs in consumer class actions." 304 F.R.D at 661.

17.     As well, Judge Steven D. Merryday of the Middle District of Florida

wrote in appointing GDR class counsel in *James v. JPMorgan Chase Bank, N.A.* that

"Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC, each . . . has significant experience litigating TCPA class actions." 2016 WL 6908118, at *1.

18.     In *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, Judge C. Darnell Jones II of the Eastern District of Pennsylvania took care to point out that GDR was appointed as class counsel "precisely because of their expertise and ability to represent the class in this matter." 2016 WL 4766079, at *5 (E.D. Pa. Sept. 13, 2016).

19.     And in *Donnelly v. EquityExperts.org, LLC*, Judge Terrence G. Berg of this Court stated upon approving an FDCPA class action settlement and appointing GDR as class counsel:

> [W]e see a fair number of FDCPA cases that are not necessarily at this level of sophistication or seriousness but I think that the—both sides appear to have really approached this with a positive attitude in trying to reach a settlement that from what I can see, appears to be the right thing to do in a reasonable and appropriate way.

Transcript of Hearing on Motion for Final Approval of Class Action Settlement, No. 13-10017, at 16 (E.D. Mich. Jan. 14, 2015). *See* Doc. 46-7 at 16.

20.     Additional     information     about     GDR     is     available     at www.gdrlawfirm.com.

### Aaron D. Radbil

21.     I graduated from the University of Arizona in 2002 and from the

University of Miami School of Law in 2006.

22.    I have extensive experience litigating consumer protection class actions, including those under the TCPA and FDCPA.

23.    In addition to my experience litigating consumer protection class actions, I have briefed, argued, and prevailed on a variety of issues of significant consumer interest before federal courts of appeals, including, for instance:

- *Dickens v. GC Servs. Ltd. P'ship*, No. 16-17168, 2017 WL 3616345 (11th Cir. Aug. 23, 2017);

- *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068 (9th Cir. 2016);

- *Lea v. Buy Direct, L.L.C.*, 755 F.3d 250 (5th Cir. 2014);

- *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605 (5th Cir. 2014);

- *Stout v. FreeScore, LLC*, 743 F.3d 680 (9th Cir. 2014);

- *Yunker v. Allianceone Receivables Mgmt., Inc.*, 701 F.3d 369 (11th Cir. 2012);

- *Guajardo v. GC Servs., LP*, No. 11-20269, 2012 WL 5419505 (5th Cir. Nov. 7, 2012);

- *Sorensen v. Credit Int'l Corp.*, 475 F. App'x 244 (9th Cir. 2012);

- *Ponce v. BCA Fin. Serv., Inc.*, 467 F. App'x 806 (11th Cir. 2012);

- *Talley v. U.S. Dep't of Agric.*, 595 F. 3d 754 (7th Cir. 2010), *reh'g en banc granted, opinion vacated* (June 10, 2010), *on rehearing en banc* (September 24, 2010), *decision affirmed*, No. 09-2123, 2010 WL 5887796 (7th Cir. Oct.

1, 2010); and

- *Oppenheim v. I.C. Sys., Inc.*, 627 F. 3d 833 (11th Cir. 2010).

### Michael L. Greenwald

24.     Mr. Greenwald graduated from the University of Virginia in 2001 and Duke University School of Law in 2004.

25.     Mr. Greenwald is admitted to practice before this Court.

26.     Prior to forming GDR, Mr. Greenwald spent six years as a litigator at Robbins Geller Rudman & Dowd LLP ("Robbins Geller")—one of the nation's largest plaintiff's class action firms, where he focused on complex class actions, including securities and consumer protection litigation.

27.     While at Robbins Geller, Mr. Greenwald served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.* (D. Mass.); *In re Red Hat, Inc. Sec. Litig.* (E.D.N.C.); *City of Ann Arbor Emps.' Ret. Sys. v. Sonoco Prods. Co.* (D.S.C.); *Norfolk Cnty. Ret. Sys. v. Ustian* (N.D. Ill.); *Romero v. U.S. Unwired, Inc.* (E.D. La.); *Lefkoe v. Jos. A. Bank Clothiers, Inc.* (D. Md.); and *In re Odimo, Inc. Sec. Litig.* (Fla.).

28.     Mr. Greenwald started his career as an attorney at Holland & Knight LLP.

**James L. Davidson**

29.     Mr. Davidson graduated from the University of Florida in 2000 and the University of Florida Fredric G. Levin College of Law in 2003.

30.     Mr. Davidson is admitted to practice before this Court.

31.     He has been appointed class counsel in a host of consumer protection class actions.

32.     Prior to forming GDR, Mr. Davidson spent five years as a litigator at Robbins Geller, where he focused on complex class actions, including securities and consumer protection litigation.

33.     While at Robbins Geller, Mr. Davidson served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund v. Swanson*; *In re Pet Food Prods. Liability Litig.*; *In re Mannatech, Inc. Sec. Litig.*; *In re Webloyalty, Inc. Mktg. and Sales Practices Litig.*; and *In re Navisite Migration Litig.*

**Jesse S. Johnson**

34.     Mr. Johnson earned his Bachelor of Science degree in Business Administration from the University of Florida, where he graduated magna cum laude in 2005.

35.     He earned his Juris Doctor degree with honors from the University of Florida Fredric G. Levin College of Law in 2009, along with his Master of Arts in

Business Administration from the University of Florida Hough Graduate School of Business the same year.

36.    While an attorney at GDR, Mr. Johnson has been appointed class counsel in more than a dozen consumer protection class actions, including:

- *Spencer v. #1 A LifeSafer of Arizona LLC*, 2019 WL 1034451 (D. Ariz. Mar. 4, 2019);

- *Aikens v. Mortgage Default Services, LLC*, No. 2:17-cv-01519-RSL, ECF No. 47 (W.D. Wash. Sept. 7, 2018);

- *Smith v. Cohn, Goldberg & Deutsch, LLC*, No. 1:17-cv-02291-RDB, ECF No. 25 (D. Md. Mar. 8, 2018)**;**

- *Kagno v. Bush Ross, P.A.*, 2017 WL 6026494 (M.D. Fla. Dec. 4, 2017)*;*

- *Johnston v. Kass Shuler, P.A.*, 2017 WL 1231070 (M.D. Fla. Mar. 29, 2017);

- *Considine v. Sharinn & Lipshie, P.C.*, 2017 WL 1233845 (E.D.N.Y. Mar. 29, 2017);

- *Cobb v. Edward F. Bukaty, III, PLC*, 2017 WL 424904 (E.D. La. Jan. 27, 2017);

- *Fenderson v. Frederick J. Hanna & Assocs., P.C.*, No. 1:15-cv-00964-ODE-JFK, Doc. 52 (N.D. Ga. Oct. 17, 2016);

- *Marcoux v. Susan J. Szwed, P.A.*, 2016 WL 5720713 (D. Me. Oct. 3, 2016);

- *Durham v. Schlee & Stillman, LLC*, No. 8:15-cv-01652-GJH, Doc. 23 (D. Md. Oct. 3, 2016);

- *Kausch v. Berman & Rabin, P.A.*, 2016 WL 3944685 (E.D. Mo. July 8, 2016);

- *Schell v. Frederick J. Hanna & Assocs., P.C.*, 2016 WL 3654472 (S.D. Ohio July 8, 2016);

- *Kemper v. Andreu, Palma & Andreu, PL*, 2016 WL 3545935 (S.D. Fla. June 23, 2016);

- *Chamberlin v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 15-2361, Doc. 44 (D.N.J. June 2, 2016);

- *Hall v. Frederick J. Hanna & Assocs., P.C.*, 2016 WL 2865081 (N.D. Ga. May 10, 2016);

- *Lehmeyer v. Messerli & Kramer, P.A.*, 2016 WL 1576439 (D. Minn. Apr. 15, 2016);

- *Garza v. Mitchell Rubenstein & Assocs., P.C.*, 2015 WL 9594286 (D. Md. Dec. 28, 2015); and

- *Baldwin v. Glasser & Glasser, P.L.C.*, 2015 WL 7769207 (E.D. Va. Dec. 1, 2015).

37.     Mr. Johnson started his legal career as an associate at Robbins Geller, where he served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 1:11-cv-08332 (N.D. Ill.); *Eshe Fund v. Fifth Third Bancorp*, No. 1:08-cv-00421 (S.D. Ohio); *City of St. Clair Shores Gen. Emps.' Ret. Sys. v. Lender Processing Servs., Inc.*, No. 3:10-cv-01073 (M.D. Fla.); and *In re Synovus Fin. Corp.*, No. 1:09-cv-01811 (N.D. Ga.).

### Alexander D. Kruzyk

38.     Alexander D. Kruzyk earned his Bachelor of Management and Organizational Studies from the University of Western Ontario in 2011 and his Juris

Doctor degree with honors from the University of Florida Fredric G. Levin College of Law in 2014.

39.    Mr. Kruzyk is admitted to practice before this Court.

40.    Prior to joining GDR in 2017, Mr. Kruzyk was an associate with Robbins Geller.

**Summary of Procedural History**

41.    On May 15, 2018, Plaintiff filed his class action complaint against Convergent Outsourcing, Inc. ("Defendant"), asserting claims under the TCPA and FDCPA. ECF No. 1.

42.    On June 13, 2018, Defendant filed its answer and affirmative defenses. ECF No. 6.

43.    On July 9, 2018, Plaintiff served Defendant with his initial written discovery requests.

44.    On September 26, 2018, Plaintiff filed his motion to compel answers and responses to his discovery requests, and to deem objections to his discovery requests waived, ECF No. 10, to which Defendant filed a response, ECF No. 17, and in support of which Plaintiff filed a reply. ECF No. 18.

45.    On November 1, 2018, after further proceedings, including a hearing on Plaintiff's motion, this Court granted Plaintiff's motion. ECF No. 20.

46.    On November 16, 2018, Plaintiff filed his motion for an order to show

cause as to why Defendant should not be sanctioned for failing to comply with this Court's November 1, 2018 discovery order, ECF No. 23, to which Defendant filed a response. ECF No. 25.

47.     On November 25, 2018, this Court issued an order regarding Plaintiff's motion, through which it again directed Defendant to answer and respond to Plaintiff's discovery requests. ECF No. 26.

48.     On December 10, 2018, Plaintiff served Defendant with his notice of deposition pursuant to Rule 30(b)(6).

49.     On January 10, 2019, Plaintiff filed his renewed motion for an order to show cause as to why Defendant should not be sanctioned for failure to comply with this Court's November 1, 2018 discovery order, ECF No. 31, to which Defendant filed a response, ECF No. 33, and in support of which Plaintiff filed a reply. ECF No. 35.

50.     Plaintiff subsequently withdrew his motion after reaching an agreement with Defendant regarding the discovery dispute at issue. ECF No. 38.

51.     On January 16, 2019, Plaintiff deposed Defendant's designated witness pursuant to Rule 30(b)(6).

52.     On February 11, 2019, Plaintiff served subpoenas for documents on third parties Ontario Systems, LLC, LiveVox, Inc., Fonative, Inc., and AT&T, Inc.

53.     On February 15, 2019, Plaintiff filed his witness list. ECF No. 37.

54.     On March 28, 2019, Plaintiff served Defendant with his expert report.

55.     On April 5, 2019, Defendant filed its motion for leave to conduct limited rebuttal expert discovery and extension of time, ECF No. 39, to which Plaintiff filed a response, ECF No. 41, and in support of which Defendant filed a reply. ECF No. 43.

56.     This Court subsequently held a hearing on Defendant's motion. ECF No. 48.

57.     On April 30, 2019, Plaintiff filed his motion for class certification and appointment of class counsel. ECF No. 46.

58.     On May 7, 2019, Defendant served subpoenas for documents and testimony on third parties Microbilt Corporation, AT&T Inc., T-Mobile USA, Inc., TransUnion Risk and Alternative Data Solutions, Inc., Verizon Communications, Inc., LexisNexis Risk Solutions, Inc., United States Cellular Corporation, and Interactive Marketing Solutions, Inc.

59.     On May 30, 2019, the parties mediated this matter with the Hon. Diane Welsh (Ret.), in Philadelphia, PA.

60.     On June 4, 2019, the parties filed their notice of class action settlement. ECF No. 54.

### Summary of the Settlement

61.     The parties agreed to resolve this matter on behalf of two distinct

classes:

> *TCPA Class*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) by using an automatic telephone dialing system or an artificial or prerecorded voice, (3) from November 11, 2016 through February 25, 2019, (4) either (i) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Convergent Outsourcing, Inc.'s calls, or (ii) directed to a number assigned to a cellular telephone service, to which Convergent Outsourcing, Inc. was previously instructed to stop placing calls or informed that the number was a wrong number.

> *FDCPA Class*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) from May 15, 2017 through February 25, 2019, (3) and in connection with the collection of a consumer debt, (4) after Convergent Outsourcing, Inc. was instructed to stop placing calls to his or her telephone number or informed that the number was a wrong number.

62.    To compensate class members, Defendant will create two separate non-reversionary common funds.

63.    The respective amounts of the funds will be $3,710,000 to compensate TCPA class members, and $40,000 to compensate FDCPA class members.

64.    Paid from the TCPA common fund will be: compensation to TCPA class members; the cost of notice to TCPA class members and claims administration for TCPA class members; litigation costs and expenses associated with the TCPA class, for which Plaintiff's counsel will petition this Court; reasonable attorneys' fees, calculated as a percentage of the TCPA common fund, for which Plaintiff's counsel will petition this Court; and an incentive award to Plaintiff, for which

Plaintiff's counsel will petition this Court.

65.     Paid from the FDCPA common fund will be: compensation to FDCPA class members; the cost of notice to FDCPA class members and claims administration for the FDCPA class; litigation costs and expenses associated with the FDCPA class, for which Plaintiff's counsel will petition this Court; reasonable attorneys' fees, calculated as a percentage of the FDCPA common fund, for which Plaintiff's counsel will petition this Court; and an incentive award to Plaintiff, for which Plaintiff's counsel will petition this Court.

66.     A third-party claims administrator will mail notice of the parties' settlement directly to class members, together with a detachable claim form that class members can use to submit claims.

67.     After a competitive bidding process, the parties have selected KCC, LLC as the claims administrator.

68.     The claims administrator will also establish a website that provides information about the settlement, and through which class members can submit claims electronically.

69.     As well, the claims administrator will set up a toll-free number that provides information about the settlement, and through which class members can submit claims by telephone.

70.     Finally, the claims administrator will publicize notice of the parties'

settlement through an advertisement in USA Today.

71.     Each class member who submits a valid, approved claim will be entitled to a *pro rata* share of the applicable non-reversionary common fund after deducting costs and expenses of providing notice of, and administrating the settlement; an award of attorneys' fees, subject to this Court's approval; reimbursement of litigation costs and expenses, subject to this Court's approval; and Plaintiff's incentive award, subject to this Court's approval.

72.     Any class member who wishes to exclude himself or herself from the settlement can submit a request for exclusion.

73.     Likewise, any class member who wishes to object to the settlement can submit an objection.

74.     Upon this Court's entry of a final judgment, Plaintiff and each non-excluded TCPA class member, will release and forever discharge all claims under the TCPA, or any analogous state law giving rise to claims resulting from the use of an automatic telephone dialing system or an artificial or pre-recorded voice to call cellular telephones, arising from calls that Defendant placed to members of the TCPA Class from November 11, 2016 through February 25, 2019

75.     Plaintiff and each non-excluded FDCPA class member will release and forever discharge all claims under the FDCPA, or any analogous state debt collection law giving rise to claims, arising from calls that Defendant placed to members of the

FDCPA Class from May 15, 2017 through February 25, 2019.

## Opinion of Plaintiff and his Counsel

76.     Given the meaningful recovery for the classes, considering that the parties' settlement is well in line with other TCPA and FDCPA class action settlements, and understanding the risks associated with continued litigation, Plaintiff and his counsel firmly believe that the settlement is fair, reasonable, and adequate, and in the best interests of class members.

## GDR's Willingness and Ability to Protect Absent Class Members

77.     GDR has, and will continue to, vigorously protect the interests of the members of the proposed classes.

78.     GDR has advanced all costs necessary to successfully prosecute this action, including hiring an expert witness and performing significant discovery.

## Settlement Documents

79.     Attached is a true and correct copy of the settlement agreement and its exhibits.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 27, 2019                    /s/ Aaron D. Radbil
                                              Aaron D. Radbil

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

## CLASS ACTION SETTLEMENT AGREEMENT

Michael Sheean ("Plaintiff"), and Convergent Outsourcing, Inc. ("Defendant"), enter into this arms-length Class Action Settlement Agreement ("Agreement" or "Settlement").

1. **Recitals:**

   1.1.    On May 15, 2018, Plaintiff filed a class action complaint against Defendant, styled Michael Sheean, *et al*, v. Convergent Outsourcing, Inc., Case No. 18-cv-11532 (E.D. Mich.) (the "Lawsuit"), through which Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. ¶ 1692 *et seq.* (the "Alleged Violations").

   1.2.    Defendant denies the material allegations included in the Lawsuit.

   1.3.    Plaintiff and Defendant now intend to settle and finally resolve all claims that Plaintiff asserts through the Lawsuit.

   1.4.    Aware of the substantial expense, delay, and inherent risk associated with litigation, Plaintiff and his counsel recognize that in light of the recovery that results from the Settlement, continued litigation is not in the best interest of Class Members.

   1.5.    Also aware of the substantial expense, delay, and inherent risk associated with litigation, Defendant intends to buy peace by entering into the Settlement.

   1.6.    Plaintiff and his counsel believe that the Settlement is fair, adequate, and reasonable.

   1.7.    Plaintiff and Defendant agree to undertake all steps necessary to the secure the Court's approval of the Settlement.

   1.8.    Plaintiff and Defendant understand that the Settlement is not to be construed as an admission or concession by Plaintiff that there is any infirmity in the claims he asserts through the Lawsuit.

   1.9.    Plaintiff and Defendant understand that the Settlement is not to be construed as an admission or concession by Defendant regarding liability.

2. **Definitions:**

   2.1.    "Agreement" or "Settlement" means this Class Action Settlement Agreement.

   2.2.    "Approved Claim Form" means a Claim Form that a Class Member timely submitted, and that the Claims Administrator approved for payment.

   2.3.    "Claims Administrator," subject to the Court's approval, means KCC, Inc.

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

2.4.　　"Claim Form" means the respective form that Class Members must submit to obtain a monetary recovery in connection with the Settlement.

2.5.　　"Class" or "Classes" means the classes that the Court certifies for settlement purposes, the definitions of which the parties propose as:

*TCPA Class*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) by using an automatic telephone dialing system or an artificial or prerecorded voice, (3) from November 11, 2016 through February 25, 2019, (4) either (i) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Convergent Outsourcing, Inc.'s calls, or (ii) directed to a number assigned to a cellular telephone service, to which Convergent Outsourcing, Inc. was previously instructed to stop placing calls or informed that the number was a wrong number.

*FDCPA Class*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) from May 15, 2017 through February 25, 2019, (3) and in connection with the collection of a consumer debt, (4) after Convergent Outsourcing, Inc. was instructed to stop placing calls to his or her telephone number or informed that the number was a wrong number.

2.6.　　"Class Counsel" means Greenwald Davidson Radbil PLLC.

2.7　　"Class Members" means all members of the TCPA Class and/or FDCPA Class.

2.8.　　"Class Notice" means the notice the Court approves in a form substantially similar to Exhibit 1 to this Agreement, which includes post card notice, a detachable claim form, and a question-and-answer notice to appear on the dedicated settlement website.

2.9.　　"Court" means the United States District Court for the Eastern District of Michigan.

2.10.　　"Fairness Hearing" means the hearing the Court conducts under Federal Rule of Civil Procedure 23 to consider the fairness, adequacy, and reasonableness of the Settlement.

2.11.　　"Finality Date" means the date after which the Court enters the Final Order and Judgment and the time to appeal the Final Order and Judgment expires without appeal, or any appeal is dismissed, or the Final Order and Judgment is affirmed and not subject to review by any Court.

2.12.　　"Final Order and Judgment" means the final order and judgment that the Court enters in a form substantially similar to Exhibit 3 to this Agreement.

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

2.13.   "Order Preliminarily Approving the Settlement" means the order preliminarily approving the Settlement and authorizing the dissemination of class notice in a form substantially similar to Exhibit 2 of this Agreement.

2.14.   "Preliminary Approval Date" means the date the Court enters the Order Preliminarily Approving the Settlement.

2.15.   "Released Parties" means Convergent Outsourcing, Inc., and any of its past or present parent companies, and each direct and indirect past or present subsidiaries, affiliates, divisions, predecessors, corporations in common control, successors, assignors, assignees, and/or assigns thereof, and their past or present employees, associates, agents, representatives, insurers, reinsurers, accountants, trustees, administrators, attorneys, officers, shareholders, partners, members, control persons, advisors, and directors. Released Parties also includes any person, including but not limited to clients of Convergent, to the extent liable for any alleged acts/omissions of Convergent described in the Lawsuit.

2.16.   "Released Claims" means (i) for members of the TCPA Class, all claims under the TCPA, or any analogous state law giving rise to claims resulting from the use of an automatic telephone dialing system or an artificial or pre-recorded voice to call cellular telephones, arising from calls that Defendant placed to members of the TCPA Class from November 11, 2016 through February 25, 2019, and (ii) for members of the FDCPA Class, all claims under the FDCPA, or any analogous state debt collection law giving rise to claims, arising from calls that Defendant placed to members of the FDCPA Class from May 15, 2017 through February 25, 2019.

2.17   "Releasors" means Plaintiff Michael Sheean, including each and every one of his agents, representatives, heirs, assigns, or any other person acting on his behalf or for his benefit (in their capacities as such), along with every Class Member who does not opt out of the Settlement.

**3.  Jurisdiction:**

3.1.   The parties agree that the Court has, and will continue to have, jurisdiction to issue any order necessary to effectuate, consummate, and enforce the terms of the Settlement, to approve attorneys' fees, costs, expenses, and an incentive award, and to supervise the administration and distribution of proceeds associated with the Settlement.

**4.  Certification:**

4.1.   Plaintiff and Defendant agree to certification of the Classes for settlement purposes only.

4.2.   If the Settlement does not become final, any conditional or preliminary certification of the Classes for settlement purposes will become voidable by Plaintiff or Defendant.

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

5. **Preliminary Approval:**

   5.1.   Plaintiff will file an unopposed motion to preliminarily approve the Settlement.

   5.2.   Through his motion to preliminarily approve the Settlement, Plaintiff will request that:

   The Court conditionally certify the Classes for settlement purposes only, appoint Plaintiff as the representative for the Classes, and appoint Class Counsel as counsel for the Classes;

   The Court preliminarily approve the Settlement as fair, reasonable, and adequate, and within the reasonable range of possible final approval;

   The Court approve the Class Notice and find that the proposed notice plan constitutes the best notice practicable under the circumstances, and that it satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

   The Court set the date and time for the Fairness Hearing; and

   The Court set the deadline for Class Members to file Claim Forms and to submit exclusions and objections to the Settlement.

   5.3.   Neither Plaintiff nor Defendant will take any action inconsistent with Plaintiff's motion to preliminarily approve the Settlement.

6. **Class Action Fairness Act Notice:**

   6.1.   Defendant will be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten days after Plaintiff files his unopposed motion to preliminarily approve the Settlement.

   6.2.   Defendant will provide Class Counsel with a copy of the CAFA notice no later than two days after it is served.

   6.3.   Defendant will also file with the Court, at least thirty days prior to the Fairness Hearing, a notice attesting to its compliance with CAFA.

7. **Notice to Members of the Class:**

   7.1.   The Claims Administrator will be responsible for all matters relating to the administration of the Settlement.

   7.2.   The Claims Administrator's responsibilities include, but are not limited to:

   Disseminating notice to potential Class Members;

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

Performing an initial reverse lookup process for telephone numbers identified by Defendant as associated with potential members of the Classes;

Depending on the results of the initial reverse lookup process, and to ensure appropriate reach, possibly performing a second reverse look up process for telephone numbers identified by Defendant as associated with potential members of the Classes;

Sending direct mail notice by postcard, with a detachable Claim Form, to potential members of the Classes;

Issuing publication notice agreed to by the parties and approved by the Court;

Establishing a dedicated website and toll-free telephone number for informational purposes, and by which members of the Classes can submit claims;

Fielding inquiries about the Settlement;

Processing settlement claims;

Acting as a liaison between members of the Classes, Class Counsel, and counsel for Defendant;

Approving settlement claims, and rejecting settlement claims where there is evidence of fraud;

Directing the mailing of settlement checks to members of the Classes; and

Performing any other tasks reasonably required of it.

7.3.   The addresses of potential members of the Classes obtained by the Claims Administrator may be subject to confirmation or updating as follows:

The Claims Administrator may check each address obtained against the United States Post Office National Change of Address Database;

The Claims Administrator may conduct a reasonable search to locate an updated address for any potential member of one of the Classes whose notice is returned as undeliverable;

The Claims Administrator will update addresses based on any forwarding information received from the United States Post Office; and

The Claims Administrator will update addresses based on any requests received from members of one of the Classes.

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

7.4.  The Claims Administrator will provide weekly updates to Class Counsel and counsel for Defendant regarding the status of its administration.

7.5.  Not later than thirty days following the Preliminary Approval Date, the Claims Administrator will mail the Class Notice and a Claim Form to potential members of the Classes;

7.6.  The postcard the Claims Administrator uses to mail the Class Notice and Claim Form to potential members of the Classes must include a notation requesting address correction.

7.7.  If any Class Notice is returned with a new address, the Claims Administrator must resend the Class Notice and a Claim Form to the new address.

7.8.  Defendant is responsible for any amounts due to the Claims Administrator prior to the date on which the non-reversionary common funds are established and funded.

7.9.  Defendant will be entitled to an offset for any payments it makes to the Claims Administrator prior to the date on which the non-reversionary common funds are established and funded, from the non-reversionary common funds once they are established and funded.

7.10.  Defendant will remain responsible for payments it makes to the Claims Administrator prior to the date on which the non-reversionary common funds are established and funded, in the event that the Settlement does not become final.

**8. Publication:**

8.1.  Not later than thirty days following the Preliminary Approval Date, the Claims Administrator will arrange for publication of the Class Notice in an issue of USA Today.

**9. Settlement Website:**

9.1.  Not later than fourteen days following the Preliminary Approval Date, the Claims Administrator will build and maintain a dedicated website that includes downloadable information and documents necessary to file claims.

9.2.  At a minimum, the downloadable information and documents must include this Agreement, the Class Notice, a Claim Form, Plaintiff's petition for attorneys' fees, expenses, and costs, the Order Preliminarily Approving the Settlement, Plaintiff's class action complaint, and when filed, the Final Order and Judgment.

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

**10. Final Approval:**

10.1.   At least ten days prior to the Fairness Hearing, the Class Administrator will provide a sworn declaration attesting to proper service of the Class Notice and Claim Forms, and state the number of objections and/or opt outs.

10.2.   Prior to the Fairness Hearing, Plaintiff will file an unopposed motion to finally approve the Settlement.

10.3.   Neither Plaintiff nor Defendant will take any action inconsistent with Plaintiff's motion to finally approve the Settlement.

**11. Consideration:**

11.1.   Defendant will create two separate non-reversionary common funds in the respective amounts of $3,710,000.00 (to compensate members of the TCPA Class) and $40,000.00 (to compensate members of the FDCPA Class).

11.2.   To the extent Defendant wishes to include in any of the two settlement classes persons in addition to those currently identified—349,744 members of TCPA Class, and 571 members of the FDCPA Class—Defendant will pay an additional $10.60 for each member of TCPA Class above 349,744, and $70.00 for each member of the FDCPA Class above 571.

11.3.   Paid from the common fund to compensate members of the TCPA Class will be:

Compensation to members of TCPA Class who timely submit a valid Claim Form;

All costs, fees and any other charges invoiced by the Claims Administrator, including the cost of notice to members of the TCPA Class, and claims administration for the TCPA Class;

Litigation costs and expenses associated with the TCPA Class, for which Class Counsel will petition the Court, subject to section 11.5 below;

Reasonable attorneys' fees, calculated as a percentage of the common fund, for which Class Counsel will petition the Court;

An incentive award to Plaintiff, apportioned as a percentage of the common funds, for which Class Counsel will petition the Court, subject to section 11.5 below.

- Paid from the common fund to compensate members of the FDCPA Class will be:

Compensation to members of the FDCPA Class who timely submit a valid Claim Form;

7

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

All costs, fees and any other charges invoiced by the Claims Administrator, including the cost of notice to members of FDCPA Class, and claims administration for the FDCPA Class;

Litigation costs and expenses associated with the FDCPA Class, for which Class Counsel will petition the Court, subject to section 11.5 below;

Reasonable attorneys' fees, calculated as a percentage of the common fund, for which Class Counsel will petition the Court.

An incentive award to Plaintiff, apportioned as a percentage of the common funds, for which Class Counsel will petition the Court, subject to section 11.5 below.

11.4.  Defendant will deposit the full amount of the non-reversionary common funds into an account established per the terms of this Agreement no later than two days following the Finality Date. Defendant is responsible for any amounts, including but not limited to all costs and expenses associated with and related to notice and administration, prior to the date on which the non-reversionary common funds are established and funded. Defendant will pay to the Claims Administrator in a timely manner any amounts, including but not limited to all costs and expenses associated with and related to notice and administration, requested by the Claims Administrator, prior to the date on which the non-reversionary common funds are established and funded. Defendant will be entitled to an offset for any payments it makes to the Claims Administrator prior to the date on which the non-reversionary common funds are established and funded, from the non-reversionary common funds once they are established and funded.

11.5.  Each member of the Classes who submits a valid, Approved Claim Form, which provides his or her name, address, and telephone number, either online no later than seventy-five days after the Preliminary Approval Date, or by U.S. Mail with a postmark of no later than seventy-five days after the Preliminary Approval Date, will be entitled to a *pro rata* share of the applicable non-reversionary common fund after deducting:

Costs and expenses of administrating the Settlement;

Class Counsel's attorneys' fees, subject to the Court's approval;

Class Counsel's costs and expenses not to exceed $17,500.00 (to be apportioned appropriately amongst the two Classes), subject to the Court's approval; and

Plaintiff's incentive award, not to exceed $5,000.00, subject to the Court's approval.

11.6.  A member of the TCPA Class may submit only one claim with respect to any unique cellular telephone number, regardless of how many times Defendant called the member of the TCPA Class.

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

11.7.  A member of the FDCPA Class may submit only one claim, regardless of how many times Defendant called the member of the FDCPA Class.

11.8.  Each settlement check issued to a member of one of the Classes will be negotiable for one-hundred-twenty days after it is issued.

11.9.  Any funds not ultimately paid out as the result of uncashed settlement checks (in accordance with Section 20 below) will be paid out as a *cy pres* award to the Detroit Bar Association Volunteer Legal Services, subject to the Court's approval.

## 12.  Opt-Outs:

12.1.  Any member of one of the Classes who wishes to exclude himself or herself from the Settlement must mail a written request for exclusion to the Class Administrator, postmarked no more than seventy-five days after the Preliminary Approval Date.

12.2.  Through his or her request for exclusion, and subject to the Court's approval, a member of one of the Classes must include his or his:

Full name;

Address;

Telephone number called by Defendant; and

A statement that he or she wishes to be excluded from the class action settlement.

12.3.  Any member of one of the Classes who submits a valid and timely request for exclusion will neither be bound by the terms of this Agreement, nor receive any of the benefits of this Agreement.

12.4.  The Claims Administrator will provide a list of the names of each Class Member who submitted a valid and timely request for exclusion to Class Counsel and counsel for Defendant within ten days after the deadline for exclusions.

12.5.  Class Members may opt out on an individual basis only.

12.6.  "Mass" or "class" opt outs, whether submitted by third parties on behalf of a "mass" or "class" of Class Members are not allowed.

## 13.  Objections:

13.1.  Any Class Member who wishes to object to the Settlement must mail a written notice of objection to the Class Administrator, Class Counsel, counsel for Defendant, and to the Court, postmarked no more than seventy-five days after the Preliminary Approval Date.

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

13.2.   Through his or her notice of objection, and subject to the Court's approval, a member of one of the Classes must include his or his:

Full name;

Address;

Telephone number called by Defendant to demonstrate that the objector is a member of one or both of the Classes;

A statement of the objection;

A description of the facts underlying the objection;

A description of the legal authorities that support each objection;

A statement noting whether the member intends to appear at the Fairness Hearing;

A list of all witnesses that the member intends to call by live testimony, deposition testimony, or affidavit or declaration testimony, and

A list of exhibits that the member intends to present at the Fairness Hearing.

13.3.   Class Members who do not submit a valid and timely objection will be barred from seeking review of the Settlement by appeal, or otherwise.

13.4.   If a Class Member submits both an objection and an exclusion, the member will be considered to have submitted an exclusion (and not an objection).

## 14. Release:

14.1.   Upon the Court's entry of the Final Order and Judgment, Releasors will release and forever discharge the Released Parties from the Released Claims.

## 15. Exclusive Remedy:

15.1.   The relief included in this Agreement is the exclusive remedy of recovery for the Released Claims.

## 16. Attorneys' Fees, Costs, Expenses, and Incentive Award:

16.1.   Class Counsel will submit a request for attorneys' fees.

16.2.   Class Counsel will submit a request for reasonable costs and expenses not to exceed $17,500.00.

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

16.3.   Plaintiff will submit a request for an incentive award not to exceed $5,000.00.

16.4.   The Court's order regarding Class Counsel's request for attorneys' fees, costs, and expenses, and Plaintiff's request for an incentive award, will not affect the finality of the Settlement.

16.5.   In the event the Court declines Class Plaintiff's requests for attorneys' fees, costs or an incentive award, or awards less than the amounts sought, the Settlement will continue to be effective and enforceable by the parties.

**17. No Admission of Liability:**

17.1.   Plaintiff and Defendant agree that this Agreement does not constitute an admission by Defendant that Plaintiff's claims or allegations are true or correct.

**18. Representations and Warranty:**

18.1.   Class Counsel believes that the Settlement is in the best interests of the members of the Classes.

18.2.   Plaintiff warrants that on the date this Agreement is executed, he owns the claims that he asserts in connection with this matter, and that he has not assigned, pledged, sold or otherwise transferred his claims (or an interest in such claims), and that on the Finality Date he will own his claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses.

**19. Appeals:**

19.1.   If a Class Member appeals the Final Order and Judgment, Plaintiff and Defendant agree to support this Agreement on appeal.

19.2.   Nothing contained in this Agreement is intended to preclude Plaintiff, Defendant, or Class Counsel, from appealing any order inconsistent with this Agreement.

**20. Distribution of the Settlement Fund:**

20.1.   Within thirty days of the Finality Date, the Claims Administrator will mail a settlement check to each member of one of the Classes who submitted a valid, Approved Claim Form.

20.2.   Within five days of the Finality Date, the Claims Administrator will mail a check to Plaintiff in the amount of the incentive award approved by the Court.

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

20.3.   Within five days of the Finality Date, the Claims Administrator will mail a check to Class Counsel in the amount the attorneys' fees, costs, and expenses approved by the Court.

20.4.   If any money remains in the respective non-reversionary common funds after the date that all initial settlement checks are voided due to non-deposit (*i.e.* checks that members of the Classes do not cash), and if the amount that remains is sufficient to issue second checks of at least $5.00 to each member of the Classes who cashed an initial settlement check after accounting for the associated expenses of such a distribution, the Claims Administrator will mail a second settlement check, calculated on a *pro rata* basis considering the remaining amount of the respective non-reversionary common funds, to each member of the Classes who cashed an initial settlement check.

20.5.   If any money remains in the non-reversionary common funds after the date that all settlement checks (*i.e.*, initial settlement checks, and if applicable, second settlement checks), are voided due to non-deposit (*i.e.* checks that members of the Class do not cash), this amount will be paid as a *cy pres* award to Detroit Bar Association Volunteer Legal Services, subject to the Court's approval.

## 21.   Taxes:

21.1.   Plaintiff and Defendant agree that the account into which the non-reversionary common funds are deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The Claims Administrator will timely make such elections as necessary or advisable to carry out the provisions of Section 13, including, if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. These elections will be made in compliance with the procedures and requirements contained in applicable Treasury Regulations promulgated under Section 1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). It is the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

21.2.   For the purpose of Section 1.468B of the Code and the Treasury Regulations thereunder, the Claims Administrator will be designated as the "administrator" of the non-reversionary common funds. The Claims Administrator will cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the non-reversionary common funds (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). These returns will reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the non-reversionary common funds are to be paid out of the non-reversionary common funds.

21.3.   All taxes arising in connection with income earned by the non-reversionary common funds, including any taxes or tax detriments that may be imposed upon Defendant with respect to any income earned by the non-reversionary common funds for any period

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

during which the non-reversionary common funds do not qualify as a "qualified settlement fund" for federal or state income tax purposes will be paid by the Claims Administrator from the non-reversionary common funds.

21.4. Any person or entity that receives a distribution from the non-reversionary common funds will be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. These taxes and tax-related expenses will not be paid from the non-reversionary common funds.

## 22. Stay:

22.1. Plaintiff and Defendant stipulate that all proceedings in connection with this matter will be stayed until the Court issues its decision regarding final approval of the Settlement.

22.2. The stipulated stay of proceedings will not prevent the filing of any motions, affidavits, and other matters necessary to obtain and preserve preliminary and final approval of the Settlement.

## 23. Miscellaneous Provisions:

23.1. This Agreement is the entire agreement between Plaintiff and Defendant. All antecedent and contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

23.2. Neither Plaintiff nor Defendant may modify this Agreement, except by a writing that Plaintiff and Defendant execute and that the Court approves.

23.3. All notices required by this Agreement, between Plaintiff, Defendant, Class Counsel, and counsel for Defendant, must be sent by first class U.S. mail, by hand delivery, or by electronic mail, to:

    Aaron D. Radbil
    Greenwald Davidson Radbil PLLC
    401 Congress Ave., Ste. 1540
    Austin, TX 78701
    aradbil@gdrlawfirm.com

    (*counsel for Plaintiff and the Classes*)

    Nabil G. Foster
    Hinshaw & Culbertson LLP
    151 North Franklin Street, Suite 2500
    Chicago, IL 60606
    NFoster@hinshawlaw.com

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

(*counsel for Defendant*)

23.4.  Section headings in this Agreement are for convenience and reference only, and are not to be taken to be a part of the provisions of this Agreement, and do not control or affect meanings, constructions or the provisions of this Agreement.

23.5.  Plaintiff and Defendant will exercise their best efforts, take all steps, and expend all efforts that may become necessary to effectuate this Agreement.

23.6.  Plaintiff and Defendant drafted this Agreement equally, and it should not be construed strictly against Plaintiff or Defendant.

23.7.  This Agreement binds successors and assigns of the parties.

23.8.  Plaintiff, Defendant, Class Counsel, and counsel for Defendant, may sign this Agreement in counterparts, and by electronic signature, and the separate signature pages may be combined to create a binding document, which constitutes one instrument.

## 24. Termination:

24.1.  Either party has the right to unilaterally terminate this Agreement by providing written notice to the other party with ten days of any of the following occurrences:

The Court rejects or declines to preliminarily or finally approve this Agreement, after all reasonable efforts are made to obtain preliminary or final approval;

A higher Court reverses the Final Approval Order, and this Agreement is not reinstated by the Court on remand without material change or change agreed to by the parties; or

The Finality Date Does not occur.

More than 7.5% of Class Members of the TCPA Class opt out.

## 25. Survival:

25.1.  The Settlement will be unaffected by any subsequent change in law regarding the federal Telephone Consumer Protection Act or the Federal Fair Debt Collection Practices Act, their interpretation, and their application, whether from Congress, the Federal Communications Commission, the Consumer Financial Protection Bureau, any other agency, Courts, or otherwise.

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

**26.    Dismissal:**

26.1    The Final Order and Judgment submitted to the Court will include a provision dismissing this Lawsuit with prejudice.

**27.     Signatures:**

27.1.   Signatures appear on the following page.

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

_____   6/26/2019
Michael Sheean                          Date

_____   _____
Aaron D. Radbil                         Date
Counsel for Michael Sheean

_____   _____
Convergent Outsourcing, Inc.            Date

_____   _____
Nabil Foster                            Date
Counsel for Convergent Outsourcing, Inc.

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

Michael Sheean

_____
Date

_____
Aaron D. Radbil
Counsel for Michael Sheean

6-26-19
Date

_____
Convergent Outsourcing, Inc.

_____
Date

_____
Nabil Foster
Counsel for Convergent Outsourcing, Inc.

_____
Date

16

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

_____     _____
Michael Sheean                       Date


_____     _____
Aaron D. Radbil                      Date
Counsel for Michael Sheean

_____     $6/28/19$
Convergent Outsourcing, Inc.         Date


_____     _____
Nabil Foster                         Date
Counsel for Convergent Outsourcing, Inc.

16

*Class Action Settlement Agreement – Sheean, et al. v. Convergent Outsourcing, Inc.*

_____          _____
Michael Sheean                           Date


_____          _____
Aaron D. Radbil                          Date
Counsel for Michael Sheean


_____          _____
Convergent Outsourcing, Inc.             Date


_____          _____
Nabil Foster                             6/27/19
Counsel for Convergent Outsourcing, Inc. Date

# EXHIBIT  1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| Michael Sheean, *on behalf of himself and others similarly situated*, | ) | Case No: 2:18-cv-11532-GCS-RSW |
| | ) | |
| | ) | Hon. George Caram Steeh |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Convergent Outsourcing, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**WEBSITE Q & A NOTICE
(FDCPA CLASS)**

1

**This is a notice of a settlement of a class action lawsuit.
This is <u>not</u> a notice of a lawsuit against you.**

**If you received a call from Convergent Outsourcing, Inc. ("Convergent") between May 15, 2017 and February 25, 2019, after you instructed Convergent to stop placing calls to your telephone number, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:**

*Sheean v. Convergent Outsourcing, Inc.*, No. 2:18-cv-11532 (E.D. Mich.)

**A federal court authorized this notice.
This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully.
It explains your rights and options to participate in a class action settlement.**

- A consumer sued Convergent alleging, among other things, that Convergent made calls to consumers after being asked to stop calling, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

- A settlement will result in a $40,000 fund to fully settle and release claims of persons who Convergent placed, or caused to be placed, a call, from May 15, 2017 through February 25, 2019, in connection with the collection of a consumer debt, after Convergent was instructed to stop placing calls to his or her telephone number.

- The settlement fund will be used to pay settlement amounts to class members who elect to participate, after deducting the costs of settlement notice and administration, and attorneys' fees. costs, and expenses.

- Your legal rights are affected, and you now have a choice to make:

| | |
|---|---|
| **SUBMIT A TIMELY CLAIM FORM:** | If you submit a valid claim form by [Date], you will receive a share of the FDCPA settlement fund after expenses are deducted, and you will release FDCPA claims you may have against Convergent related to this case. |
| **DO NOTHING:** | If you do nothing, you will <u>not</u> receive a share of the FDCPA settlement fund, but if you are an FDCPA class member you will release FDCPA claims you may have against Convergent related to this case. |
| **EXCLUDE YOURSELF:** | If you exclude yourself from the settlement, you will <u>not</u> receive a share of the FDCPA settlement fund, and you will <u>not</u> release any FDCPA claims you have against Convergent. The deadline for excluding yourself is [Date]. |
| **OBJECT:** | Write to the Court about why you do not like the settlement. The deadline to object is [Date]. |

### Why is this notice available?

This is a notice of a proposed settlement in a class action lawsuit. The settlement would resolve a portion of the lawsuit Michael Sheean filed against Convergent. Please read this notice carefully. It explains the applicable portion of the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

### What is this lawsuit about?

Mr. Sheean filed this lawsuit against Convergent, alleging, in part, that Convergent violated the FDCPA, by placing calls to telephones in connection with the collection of a consumer debt after being instructed to stop doing so. Convergent denies the allegations, and denies that it violated the FDCPA. The Court did not decide who is right or wrong. The parties have agreed to a settlement.

### Why is this a class action?

In a class action, one or more people called "class representatives" file a lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members." The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

### Why is there a settlement?

Mr. Sheean, on the one hand, and Convergent, on the other, have agreed to settle the lawsuit to avoid the time, risk, and expense associated with it, and to achieve a final resolution of the disputed claims. The proposed settlement was reached after Mr. Sheean and Convergent attended

mediation with retired Judge Diane Welsh. Under the settlement, FDCPA class members will obtain a payment in settlement of the FDCPA claims Mr. Sheean raised in the lawsuit. Mr. Sheean and his attorneys think the settlement is fair and reasonable.

### How do you know if your claims are included in the settlement?

This settlement resolves claims on behalf of the following FDCPA class:

> *FDCPA Class*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) from May 15, 2017 through February 25, 2019, (3) and in connection with the collection of a consumer debt, (4) after Convergent Outsourcing, Inc. was instructed to stop placing calls to his or her telephone number or informed that the number was a wrong number.

There are 571 members of the FDCPA class.

### What does the settlement provide?

Convergent will establish a settlement fund in the amount of $40,000 to compensate members of the FDCPA class. Out of the settlement fund will be paid:

      a.      Settlement compensation to FDCPA class members;

      b.      Notice and administration costs not to exceed $10,000;

      c.      An award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval;

      d.      Costs and expenses incurred litigating the FDCPA claims in this matter not to exceed $5,000, subject to the Court's approval; and

      e.      An incentive award to Mr. Sheean not to exceed $5,000, subject to the Court's approval.

Each FDCPA class member who submits a timely and valid claim form will be entitled, subject to the provisions of the settlement agreement, to his or her equal share of the $40,000 settlement fund as it exists after deducting:

      a.      Notice and administration costs;

      b.      An award of attorneys' fees; and

      c.      Costs and expenses incurred litigating the FDCPA claims in this matter.

      d.      An incentive award to Mr. Sheean.

It is estimated that each participating FDCPA class member will receive between $150 and $400. The actual amount each participating FDCPA class member will receive may be more or less depending on the number of FDCPA class members who submit timely, valid claims.

### How can you get a payment?

You must mail a valid claim form to the Sheean v. Convergent Outsourcing, Inc. Settlement Administrator, [address], [city], [state] [zip code] postmarked by [month] [day], 2019. Or you must submit a valid claim through www.SheeanFDCPASettlement.com by [month] [day], 2019.

### When will you be paid?

If the Court grants final approval of the settlement, settlement checks will be mailed to FDCPA class members who timely mailed or submitted valid claim forms no later than 30 days after the judgment in the lawsuit becomes final. If there is an appeal of the settlement, payment may be delayed.

### What rights are you giving up in this settlement?

If you fall within the FDCPA class, and unless you exclude yourself from the settlement, you will give up your right to sue or continue a lawsuit against Convergent over the released FDCPA claims. Giving up your legal claims is called a release. Unless you formally exclude yourself from the settlement, you will release your FDCPA claims against Convergent.

For more information on the release, released parties, and released claims, you may obtain a copy of the class action settlement agreement on the settlement website, www.SheeanFDCPASettlement.com or from the Clerk of the United States District Court for the Eastern District of Michigan.

### How can you exclude yourself from the settlement?

You may exclude yourself from the settlement, in which case you will <u>not</u> receive a payment. If you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the claims administrator at the following address, postmarked by **[month] [day], 2019**:

### Sheean v. Convergent Outsourcing, Inc. Settlement Administrator
ATTN: EXCLUSION REQUEST
[address]
[city], [state] [zip code]

You must include in your request for exclusion your:

    a.     Full name;

    b.     Address;

5

      c.     Telephone number called by Convergent demonstrating that you are a member of the FDCPA class; and

      d.     A clear and unambiguous statement that you wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the Sheean v. Convergent Outsourcing, Inc. action."

You must sign the request personally. If any person signs on your behalf, that person must attach a copy of the power of attorney authorizing that signature.

### When and where will the Court decide whether to approve the settlement?

The Court will hold a final fairness hearing on **[month] [day], 2019**, at **[time]**. The hearing will take place in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

### Do you have to attend the hearing?

No, there is no requirement that you attend the hearing. However, you are welcome to attend the hearing at your own expense. You cannot speak at the hearing if you have excluded yourself from the class action settlement because the settlement no longer affects your legal rights.

### What if you want to object to the settlement?

If you do not exclude yourself from the settlement, you can object to the settlement, or any part of it, if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must mail a written notice of objection, postmarked by **[month] [day], 2019**, to class counsel, Convergent's attorneys, and to the Court, at the following addresses:

| Class Counsel: | Convergent's Counsel: | Court: |
|---|---|---|
| Aaron D. Radbil | Nabil G. Foster | U.S. District Court for Eastern |
| Greenwald Davidson Radbil PLLC | Hinshaw & Culbertson LLP | District of Michigan |
| 401 Congress Ave. | 151 North Franklin Street | Theodore Levin U.S. |
| Ste. 1540 | Suite 2500 | Courthouse |
| Austin, TX 78701 | Chicago, IL 60606 | 231 W. Lafayette Blvd. |
| | | Detroit, MI 48226 |

You must include in your objection your:

      a.     Full name;

      b.     Address;

      c.     Telephone number called by Convergent to demonstrate that you are a member of the FDCPA class;

d.      Statement that you were the recipient of Convergent's calls to your telephone after you instructed Convergent to stop placing calls to your telephone number;

e.      Identification of any documents to show that you are a member of the FDCPA class or which you desire the Court to consider;

f.      A statement of your specific objection(s);

g.      A description of the facts underlying your objection(s);

h.      The grounds for your objection(s); and

i.      A list of all witnesses that you intend to call by live testimony, deposition testimony, or affidavit or declaration testimony.

### By when must you enter an appearance?

Any FDCPA class member who objects to the settlement and wishes to enter an appearance must do so by **[date], 2019**. To enter an appearance, you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon Class Counsel and Convergent's attorneys, at the addresses set forth below.

### What if you do nothing?

If you do nothing and the Court approves the settlement agreement, you will not receive a share of the FDCPA settlement fund, but you will release any FDCPA claim you have against Convergent related to the allegations in this case. Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against Convergent over the released FDCPA claims.

### What will happen if the Court does not approve the settlement?

If the Court does not finally approve the settlement or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits from this settlement and the lawsuit will continue.

### Who are Mr. Sheean's attorneys?

Mr. Sheean's attorneys are:

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, TX 78701

Michael L. Greenwald
James L. Davidson
Greenwald Davidson Radbil PLLC
7061 N. Federal Highway, Suite A-230
Boca Raton, FL 33487

The Court has appointed Mr. Sheean's attorneys to act as class counsel. You do not have to pay class counsel. If you want to be represented by your own lawyer, and have that lawyer appear in Court for you in this case, you must hire one at your own expense.

### Who are Convergent's attorneys?

Convergent's attorneys are:

Nabil G. Foster
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606

Bethany S. Sweeny
Varnum LLP
39500 High Pointe Blvd., Ste. 350
Novi, Michigan 48375

### Before what Court is this matter pending?

Mr. Sheean filed his class action lawsuit in the following Court:

U.S. District Court for the Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226

### Where can you get additional information?

This notice is only a summary of the settlement. All documents filed with the Court, including the full class action settlement agreement, may be reviewed or copied at the United States District Court for the Eastern District of Michigan. In addition, pertinent case materials, including the settlement agreement, are available at the settlement web site, www.SheeanFDCPASettlement.com.

If you would like additional information about this matter, please contact:

### Sheean v. Convergent Outsourcing, Inc. Administrator
### [address]

### Telephone: [number]

8

Please do not call the Judge about this case. Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, neither Convergent nor Convergent's attorneys represent you, and they cannot give you legal advice.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| Michael Sheean, *on behalf of himself and others similarly situated*, | ) | Case No: 2:18-cv-11532-GCS-RSW |
| | ) | |
| | ) | Hon. George Caram Steeh |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Convergent Outsourcing, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**WEBSITE Q & A NOTICE**
**(TCPA CLASS)**

1

**This is a notice of a settlement of a class action lawsuit.**
**This is <u>not</u> a notice of a lawsuit against you.**

**If you received an automated or artificial or prerecorded call on your cellular telephone from Convergent Outsourcing, Inc. ("Convergent") from November 11, 2016 through February 25, 2019, and you were not the person Convergent was trying to reach, or you instructed Convergent to stop placing calls to your cellular telephone number but received at least one additional call from Convergent, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:**

*Sheean v. Convergent Outsourcing, Inc.*, No. 2:18-cv-11532 (E.D. Mich.)

**A federal court authorized this notice.**
**This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully.**
**It explains your rights and options to participate in a class action settlement.**

- A consumer sued Convergent alleging, among other things, that Convergent made calls to cellular telephone numbers of consumers (1) who were not the persons that Convergent was attempting to reach, or (2) after Convergent was told to stop calling those consumers' cellular telephone numbers, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

- A settlement will result in a $3.71 million fund to fully settle and release claims of persons to whom Convergent placed, or caused to be placed, a call, by using an automatic telephone dialing system or an artificial or prerecorded voice, from November 11, 2016 through February 25, 2019, either (i) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Convergent's calls, or (ii) directed to a number assigned to a cellular telephone service, to which Convergent was previously instructed to stop placing calls.

- The settlement fund will be used to pay settlement amounts to class members who elect to participate, after deducting the costs of settlement notice and administration, attorneys' fees, costs, and expenses, and an incentive award to the consumer who sued Convergent.

- Your legal rights are affected, and you now have a choice to make:

| SUBMIT A TIMELY CLAIM FORM: | If you submit a valid claim form by [Date], you will receive a share of the TCPA settlement fund after expenses are deducted, and you will release TCPA claims you may have against Convergent related to this case. |
|---|---|
| DO NOTHING: | If you do nothing, you will <u>not</u> receive a share of the TCPA settlement fund, but if you are a TCPA class member you will release TCPA claims you may have against Convergent related to this case. |
| EXCLUDE YOURSELF: | If you exclude yourself from the settlement, you will <u>not</u> receive a share of the TCPA settlement fund, and you will <u>not</u> release any TCPA claims you have against Convergent. The deadline for excluding yourself is [Date]. |
| OBJECT: | Write to the Court about why you do not like the settlement. The deadline to object is [Date]. |

### Why is this notice available?

This is a notice of a proposed settlement in a class action lawsuit. The settlement would resolve a portion of the lawsuit Michael Sheean filed against Convergent. Please read this notice carefully. It explains the applicable portion of the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

### What is this lawsuit about?

Mr. Sheean filed this lawsuit against Convergent, alleging, in part, that Convergent violated the TCPA, when it called consumers on their cellular telephones, via an automatic telephone dialing system or with an artificial or prerecorded voice, who were not the intended recipients of Convergent's calls, or who previously instructed Convergent to stop placing calls to their cellular telephone numbers. Convergent denies the allegations, denies that it used an automatic telephone dialing system to place calls to TCPA class members, and denies that it violated the TCPA. The Court did not decide who is right or wrong. The parties have agreed to a settlement.

### Why is this a class action?

In a class action, one or more people called "class representatives" file a lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members." The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

**Why is there a settlement?**

Mr. Sheean, on the one hand, and Convergent, on the other, have agreed to settle the lawsuit to avoid the time, risk, and expense associated with it, and to achieve a final resolution of the disputed claims. The proposed settlement was reached after Mr. Sheean and Convergent attended mediation with retired Judge Diane Welsh. Under the settlement, TCPA class members will obtain a payment in settlement of the TCPA claims Mr. Sheean raised in the lawsuit. Mr. Sheean and his attorneys think the settlement is fair and reasonable.

**How do you know if your claims are included in the settlement?**

This settlement resolves claims on behalf of the following TCPA class:

> *TCPA Class*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) by using an automatic telephone dialing system or an artificial or prerecorded voice, (3) from November 11, 2016 through February 25, 2019, (4) either (i) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Convergent Outsourcing, Inc.'s calls, or (ii) directed to a number assigned to a cellular telephone service, to which Convergent Outsourcing, Inc. was previously instructed to stop placing calls or informed that the number was a wrong number.

There are 349,744 members of the TCPA class.

**What does the settlement provide?**

Convergent will establish a settlement fund in the amount of $3.71 million to compensate members of the TCPA class. Out of the settlement fund will be paid:

    a.    Settlement compensation to TCPA class members;

    b.    Notice and administration costs not to exceed $400,000;

    c.    An award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval;

    d.    Costs and expenses incurred litigating the TCPA claims in this matter not to exceed $12,500, subject to the Court's approval; and

    e.    An incentive award to Mr. Sheean not to exceed $5,000, subject to the Court's approval.

Each TCPA class member who submits a timely and valid claim form will be entitled, subject to the provisions of the settlement agreement, to his or her equal share of the $3.71 million settlement fund as it exists after deducting:

    a.    Notice and administration costs;

b.      An award of attorneys' fees;

c.      Costs and expenses incurred litigating the TCPA claims in this matter; and

d.      An incentive award to Mr. Sheean.

It is estimated that each participating TCPA class member will receive between $40 and $120. The actual amount each participating TCPA class member will receive may be more or less depending on the number of TCPA class members who submit timely, valid claims.

## How can you get a payment?

You must mail a valid claim form to the Sheean v. Convergent Outsourcing, Inc. Settlement Administrator, [address], [city], [state] [zip code] postmarked by [month] [day], 2019. Or you must submit a valid claim through www.SheeanTCPASettlement.com by [month] [day], 2019.

## When will you be paid?

If the Court grants final approval of the settlement, settlement checks will be mailed to TCPA class members who timely mailed or submitted valid claim forms no later than 30 days after the judgment in the lawsuit becomes final. If there is an appeal of the settlement, payment may be delayed.

## What rights are you giving up in this settlement?

If you fall within the TCPA class, and unless you exclude yourself from the settlement, you will give up your right to sue or continue a lawsuit against Convergent over the released TCPA claims. Giving up your legal claims is called a release. Unless you formally exclude yourself from the settlement, you will release your TCPA claims against Convergent.

For more information on the release, released parties, and released claims, you may obtain a copy of the class action settlement agreement on the settlement website, www.SheeanTCPASettlement.com or from the Clerk of the United States District Court for the Eastern District of Michigan.

## How can you exclude yourself from the settlement?

You may exclude yourself from the settlement, in which case you will <u>not</u> receive a payment. If you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the claims administrator at the following address, postmarked by **[month] [day], 2019**:

**Sheean v. Convergent Outsourcing, Inc. Settlement Administrator**
ATTN: EXCLUSION REQUEST
[address]
[city], [state] [zip code]

You must include in your request for exclusion your:

      a.      Full name;

      b.      Address;

      c.      Telephone number called by Convergent demonstrating that you are a member of the TCPA class; and

      d.      A clear and unambiguous statement that you wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the Sheean v. Convergent Outsourcing, Inc. action."

You must sign the request personally. If any person signs on your behalf, that person must attach a copy of the power of attorney authorizing that signature.

### When and where will the Court decide whether to approve the settlement?

The Court will hold a final fairness hearing on **[month] [day], 2019**, at **[time]**. The hearing will take place in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

### Do you have to attend the hearing?

No, there is no requirement that you attend the hearing. However, you are welcome to attend the hearing at your own expense. You cannot speak at the hearing if you have excluded yourself from the class settlement because the settlement no longer affects your legal rights.

### What if you want to object to the settlement?

If you do not exclude yourself from the settlement, you can object to the TCPA settlement, or any part of it, if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must mail a written notice of objection, postmarked by **[month] [day], 2019**, to class counsel, Convergent's attorneys, and to the Court, at the following addresses:

| Class Counsel: | Convergent's Counsel: | Court: |
|---|---|---|
| Aaron D. Radbil | Nabil G. Foster | U.S. District Court for Eastern |
| Greenwald Davidson Radbil PLLC | Hinshaw & Culbertson LLP | District of Michigan |
| | 151 North Franklin Street | Theodore Levin U.S. |
| 401 Congress Ave. | Suite 2500 | Courthouse |
| Ste. 1540 | Chicago, IL 60606 | 231 W. Lafayette Blvd. |
| Austin, TX 78701 | | Detroit, MI 48226 |

You must include in your objection your:

a. Full name;

b. Address;

c. Telephone number called by Convergent to demonstrate that you are a member of the TCPA class;

d. Statement that you were not the intended recipient of Convergent's calls to your cellular telephone, or that you instructed Convergent to stop placing calls to your cellular telephone number before receiving Convergent's calls;

e. Identification of any documents to show that you are a member of the TCPA class or which you desire the Court to consider;

f. A statement of your specific objection(s);

g. A description of the facts underlying your objection(s);

h. The grounds for your objection(s);

i. A list of all witnesses that you intend to call by live testimony, deposition testimony, or affidavit or declaration testimony;

j. A list of exhibits that you intend to present; and

k. A statement noting whether you intend to appear at the fairness hearing.

### By when must you enter an appearance?

Any TCPA class member who objects to the settlement and wishes to enter an appearance must do so by **[date], 2019**. To enter an appearance, you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon class counsel and Convergent's attorneys, at the addresses set forth below.

### What if you do nothing?

If you do nothing and the Court approves the settlement agreement, you will not receive a share of the settlement fund, but you will release any TCPA claim you have against Convergent related to the allegations in this case. Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against Convergent over the released TCPA claims.

### What will happen if the Court does not approve the settlement?

If the Court does not finally approve the settlement or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits from this settlement and the lawsuit will continue.

**Who are Mr. Sheean's attorneys?**

Mr. Sheean's attorneys are:

> Aaron D. Radbil
> Greenwald Davidson Radbil PLLC
> 401 Congress Avenue, Suite 1540
> Austin, TX 78701
>
> Michael L. Greenwald
> James L. Davidson
> Greenwald Davidson Radbil PLLC
> 7061 N. Federal Highway, Suite A-230
> Boca Raton, FL 33487

The Court has appointed Mr. Sheean's attorneys to act as class counsel. You do not have to pay class counsel. If you want to be represented by your own lawyer, and have that lawyer appear in Court for you in this case, you must hire one at your own expense.

**Who are Convergent's attorneys?**

Convergent's attorneys are:

> Nabil G. Foster
> Hinshaw & Culbertson LLP
> 151 North Franklin Street, Suite 2500
> Chicago, IL 60606
>
> Bethany S. Sweeny
> Varnum LLP
> 39500 High Pointe Blvd., Ste. 350
> Novi, Michigan 48375

**Before what Court is this matter pending?**

Mr. Sheean filed his class action lawsuit in the following Court:

> U.S. District Court for the Eastern District of Michigan
> Theodore Levin U.S. Courthouse
> 231 W. Lafayette Blvd.
> Detroit, MI 48226

**Where can you get additional information?**

This notice is only a summary of the settlement. All documents filed with the Court, including the full class action settlement agreement, may be reviewed or copied at the United States District Court for the Eastern District of Michigan. In addition, pertinent case materials,

including the settlement agreement, are available at the settlement web site, www.SheeanTCPASettlement.com.

If you would like additional information about this matter, please contact:

**Sheean v. Convergent Outsourcing, Inc. Administrator**
**[address]**

**Telephone: [number]**

Please do not call the Judge about this case. Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, neither Convergent nor Convergent's attorneys represent you, and they cannot give you legal advice.

**What is this lawsuit about?** Michael Sheean filed this lawsuit against Convergent Outsourcing Inc. ("Convergent"), alleging, in part, that Convergent violated the Fair Debt Collection Practices Act ("FDCPA"), 15. U.S.C. § 1692, by placing calls in connection with the collection of a consumer debt after being instructed to stop doing so. Convergent denies the allegations and denies that it violated the FDCPA. The Court did not decide who is right and who is wrong. The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because Convergent's records identified you as a potential member of the following class: "All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) from May 15, 2017 through February 25, 2019, (3) and in connection with the collection of a consumer debt, (4) after Convergent Outsourcing, Inc. was instructed to stop placing calls to his or her telephone number or informed that the number was a wrong number."

**What does the settlement provide?** Convergent will establish a settlement fund of $40,000. Out of the settlement fund will be paid: (1) settlement compensation to participating FDCPA class members; (2) an award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval; (3) litigation costs and expenses incurred by class counsel litigating FDCPA claims in this matter not to exceed $5,000, subject to the Court's approval; (4) costs of notice and administration not to exceed $10,000, and (5) an incentive award to Mr. Sheean not to exceed $5,000, subject to the Court's approval. It is estimated that each valid claimant will receive between $150 and $400, depending on the number of class members who participate.

**What are your legal rights and options?** You have four options. First, if you received a call from Convergent Outsourcing, Inc. to your telephone between May 15, 2017 and February 25, 2019, after you instructed Convergent Outsourcing, Inc. to stop placing calls to your telephone number or after you informed Convergent that the number was a wrong number, you may timely complete and return the claim form found on the backside of this postcard, or timely submit a claim online at www.SheeanFDCPASettlement.com, in which case you will receive a proportionate share of the settlement fund after deducting the above-listed fees, costs, and expenses, and will release any FDCPA claim(s) you have against Convergent related to the FDCPA claims in this case. Second, you may do nothing, in which case you will not receive a share of the settlement fund, but, if you are an FDCPA class member, you will release any FDCPA claim(s) you have against Convergent related to the FDCPA claims in this case. Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any FDCPA claim(s) you have against Convergent. Or fourth, FDCPA class members may object to the settlement. To obtain additional information about your legal rights and options, visit www.SheeanFDCPASettlement.com, or contact the settlement administrator by writing to: Sheean v. Convergent Outsourcing Inc., c/o [administrator name and address] or by calling [number].

**When is the final fairness hearing?** The Court will hold a final fairness hearing on [month] [day], 2019, at [time]. The hearing will take place in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**Front Inside**

---

**Front Outside**

**This is a notice of a settlement of a class action lawsuit.**
**This is not a notice of a lawsuit against you.**

**If you received a call from Convergent Outsourcing, Inc. to your telephone between May 15, 2017 and February 25, 2019, after you instructed Convergent to stop placing calls to your telephone number, you may be entitled to compensation as a result of the settlement of this class action:**

*Sheean v. Convergent Outsourcing, Inc.*
No. 2:18-cv-11532 (E.D. Mich.)

**A federal court authorized this notice. This is not a solicitation from a lawyer.**

**Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.**

**Sheean v. Convergent Outsourcing, Inc.**
c/o [administrator]
[address]
[city], [state] [zip]

Permit Info here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

CLAIM ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

**What is this lawsuit about?** Michael Sheean filed this lawsuit against Convergent Outsourcing Inc. ("Convergent"), alleging, in part, that Convergent violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by placing automated or artificial or prerecorded calls to cellular telephones absent prior express consent. Convergent denies the allegations and denies that it violated the TCPA. The Court did not decide who is right and who is wrong. The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because Convergent's records identified you as a potential member of the following class: "All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) by using an automatic telephone dialing system or an artificial or prerecorded voice, (3) from November 11, 2016 through February 25, 2019, (4) either (i) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Convergent Outsourcing, Inc.'s calls, or (ii) directed to a number assigned to a cellular telephone service, to which Convergent Outsourcing, Inc. was previously instructed to stop placing calls."

**What does the settlement provide?** Convergent will establish a settlement fund of $3.71 million. Out of the settlement fund will be paid: (1) settlement compensation to participating TCPA class members; (2) an award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval; (3) litigation costs and expenses incurred by class counsel litigating TCPA claims in this matter not to exceed $12,500, subject to the Court's approval; (4) costs of notice and administration not to exceed $400,000; and (5) an incentive award to Mr. Sheean not to exceed $5,000, subject to the Court's approval. It is estimated that each valid claimant will receive between $40 and $120, depending on the number of class members who participate.

**What are your legal rights and options?** You have four options. First, if you received an automated or artificial or prerecorded call from Convergent on your cellular telephone between November 11, 2016 and February 25, 2019, and you were either not the intended recipient of the call, or instructed Convergent to stop placing calls to your cellular telephone number before receiving the call, you may timely complete and return the claim form found on the backside of this postcard, or timely submit a claim online at www.SheeanTCPASettlement.com, in which case you will receive a proportionate share of the settlement fund after deducting the above-listed fees, costs, and expenses, and will release any TCPA claim(s) you have against Convergent related to the TCPA claims in this case. Second, you may do nothing, in which case you will not receive a share of the settlement fund, but, if you are a TCPA class member, you will release any TCPA claim(s) you have against Convergent related to the TCPA claims in this case. Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any TCPA claim(s) you have against Convergent. Or fourth, TCPA class members may object to the settlement. To obtain additional information about your legal rights and options, visit www.SheeanTCPASettlement.com, or contact the settlement administrator by writing to: Sheean v. Convergent Outsourcing Inc., c/o [administrator name and address] or by calling [number].

**When is the final fairness hearing?** The Court will hold a final fairness hearing on [month] [day], 2019, at [time]. The hearing will take place in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**Front Inside**

---

**This is a notice of a settlement of a class action lawsuit. This is <u>not</u> a notice of a lawsuit against you.**

**If you received an automated or artificial or prerecorded call on your cell phone from Convergent Outsourcing, Inc., from November 11, 2016 through February 25, 2019, and you were not the person Convergent was trying to reach, or you instructed Convergent Outsourcing, Inc. to stop placing calls to your cellular telephone number but received at least one additional call from Convergent, you may be entitled to compensation as a result of the settlement of this class action:**

*Sheean v. Convergent Outsourcing, Inc.* No. 2:18-cv-11532 (E.D. Mich.)

**A federal court authorized this notice. This is not a solicitation from a lawyer.**

**Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.**

**Front Outside**

---

Sheean v. Convergent Outsourcing, Inc.
c/o [administrator]
[address]
[city], [state] [zip]

Permit Info here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

CLAIM ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

Carefully separate at perforation

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**Sheean v. Convergent Outsourcing, Inc.**
**Case No. 2:18-cv-11532-GCS-RSW (E.D. Mich.)**

<u>CLAIM FORM</u>

[admin] ID: «[Admin] ID»                       Name/Address Changes:
«First Name» «Last Name»
«Address1»
«City», «State» «Zip»

**I received one or more calls from Convergent Outsourcing, Inc. to my telephone between May 15, 2017 and February 25, 2019 after I instructed Convergent to stop placing calls to my telephone number. I wish to participate in the settlement.**

**IF YOU MOVE, send your CHANGE OF ADDRESS to the**
**Settlement Administrator at the address on the backside of this form.**

Signature: _____          Telephone number on which I received the call(s):

Date of signature: _____

**To receive a payment you must enter all requested information above, sign**
**and mail this claim form, postmarked on or before [month] [day], 2019.**
Or you may visit the settlement website, www.SheeanFDCPASettlement.com, or call [number].

**To exclude yourself from the class action settlement you must mail a written request for**
**exclusion to the claims administrator, postmarked on or before [month] [day], 2019.**
**Your request must include the information required by the Court's [month] [day], 2019 Order.**

**Bottom Inside**

Postage

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**Bottom Outside**

**Sheean v. Convergent Outsourcing, Inc. Administrator**
**[address]**
**[city], [state] [zip code]**

Carefully separate at perforation

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

Sheean v. Convergent Outsourcing, Inc.
Case No. 2:18-cv-11532-GCS-RSW (E.D. Mich.)

CLAIM FORM

[admin] ID: «[Admin] ID»                    Name/Address Changes:
«First Name» «Last Name»                    _____
«Address1»                                  _____
«City», «State» «Zip»                       _____

I received one or more automated or artificial or prerecorded calls from Convergent Outsourcing, Inc. to my cellular telephone between November 11, 2016 and February 25, 2019. I was not the person Convergent was trying to reach, or I instructed Convergent to stop placing calls to my cellular telephone but received at least one additional call from Convergent. I wish to participate in this settlement.

**Bottom Inside**

**IF YOU MOVE, send your CHANGE OF ADDRESS to the**
Settlement Administrator at the address on the backside of this form.

Signature: _____     Telephone number on which I received the call(s):

                                        _____
Date of signature: _____

**To receive a payment you must enter all requested information above, sign**
**and mail this claim form, postmarked on or before [month] [day], 2019.**
Or you may visit the settlement website, www.SheeanTCPASettlement.com, or call [number].

**To exclude yourself from the class action settlement you must mail a written request for**
**exclusion to the claims administrator, postmarked on or before [month] [day], 2019.**
**Your request must include the information required by the Court's [month] [day], 2019 Order.**

Postage

**Bottom Outside**

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**Sheean v. Convergent Outsourcing, Inc. Administrator**
**[address]**
**[city], [state] [zip code]**

# EXHIBIT  2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Michael Sheean, *on behalf of himself and others similarly situated*, | Case No: 2:18-cv-11532-GCS-RSW |
| Plaintiff, | Hon. George Caram Steeh |
| v. | |
| Convergent Outsourcing, Inc. | |
| Defendant. | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT**

This Court having been advised that the parties to this action, Michael Sheean ("Plaintiff" or "Class Representative"), and Convergent Outsourcing, Inc. ("Defendant"), through their respective counsel, have agreed, subject to this Court's approval following notice to the settlement class members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the parties' class action settlement agreement ("Agreement"), which Plaintiff filed with this Court:

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings in this matter, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on _____, **2019**,

1

after notice to the settlement class members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a final order and judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant, through a claims administrator, will cause to be served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state in which any settlement class member resides.

This Court conditionally certifies this case as a class action under to Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following settlement classes:

> *TCPA Class*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) by using an automatic telephone dialing system or an artificial or prerecorded voice, (3) from November 11, 2016 through February 25, 2019, (4) either (i) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Convergent Outsourcing, Inc.'s calls, or (ii) directed to a number assigned to a cellular telephone service, to which Convergent Outsourcing, Inc. was previously instructed to stop placing calls or informed that the number was a wrong number.

> *FDCPA Class*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) from May 15, 2017 through February 25, 2019, (3) and in connection with the collection of a consumer debt, (4) after Convergent Outsourcing, Inc. was instructed to stop placing calls to his or her telephone number or informed that the number was a wrong number.

Defendant identified a total of 349,744 TCPA settlement class members and 571 FDCPA settlement class members.

This Court appoints Michael Sheean as the representative for the settlement classes, and appoints Aaron D. Radbil, Michael L. Greenwald, and James L. Davidson, of Greenwald Davidson Radbil PLLC, as class counsel.

This Court preliminarily finds, for settlement purposes only, that this action satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

A.     The settlement class members are so numerous and geographically dispersed that joinder of all of them is impracticable;

B.     There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

C.     Plaintiff's claims are typical of the claims of the settlement class members;

D.     Plaintiff and class counsel have fairly and adequately represented and protected the interests of all of the settlement class members; and

E.     Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, especially in light of the benefits to the settlement class members, the strength of Plaintiff's case, the complexity, expense, and probable duration of further litigation, the amount of discovery engaged in by the parties, the risk and delay inherent in possible appeals, and, the opinions of class counsel. *See N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 236 (E.D. Mich. 2016).

This Court also considered the following factors in preliminarily finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

4

*Approval of the Proposal.* If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

(A)   the class representatives and class counsel have adequately represented the class;

(B)   the proposal was negotiated at arm's length;

(C)   the relief provided for the class is adequate, taking into account:

    (i)   the costs, risks, and delay of trial and appeal;

    (ii)   the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv)   any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

A third-party settlement administrator—KCC LLC—will administer the settlement and notification to the settlement class members. The settlement administrator will be responsible for mailing the approved class action notices and settlement checks to the settlement class members. All reasonable costs of notice and administration will be paid from the respective settlement funds.

This Court approves the form and substance of the proposed notices of the

class action settlement, which includes respective postcard notices, respective detachable claim forms, and respective question-and-answer notices to appear on the respective dedicated websites.

The proposed notices and method for notifying the settlement class members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-1971-T-27AAS, 2019 WL 1450090, at \*2 (M.D. Fla. Apr. 2, 2019); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS, 2016 WL 6908118, at \*2 (M.D. Fla. Nov. 22, 2016).

This Court additionally finds that the proposed notices are clearly designed to advise the settlement class members of their rights.

In accordance with the Agreement, the settlement administrator will mail the notices to the settlement class members as expeditiously as possible, but in no event later than 30 days after this Court's entry of this order, *i.e.*, **no later than _____, 2019**.

Any settlement class member who desires to be excluded from the settlement must send a written request for exclusion to the settlement administrator with a

6

postmark date no later than 75 days after the Court's entry of this order, *i.e.*, **no later than _____, 2019**. To be effective, the written request for exclusion must state the settlement class member's full name, address, telephone number called by Convergent, and email address (if available), along with a statement that the settlement class member wishes to be excluded, and must be signed by the settlement class member. Any settlement class member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any settlement class member who fails to submit a valid and timely request for exclusion will be considered a settlement class member and will be bound by the terms of the Agreement.

Any settlement class member who intends to object to the fairness of this settlement must file a written objection with the Court within 75 days after the Court's entry of this order, *i.e.*, **no later than _____, 2019**. Further, any such settlement class member must, within the same time period, provide a copy of the written objection to class counsel, attention: Aaron D. Radbil, Greenwald Davidson Radbil PLLC, 401 Congress Ave,. Ste. 1540, Austin, TX 78701, and counsel for Defendant, attention: Nabil G. Foster, Hinshaw & Culbertson LLP, 151 North Franklin Street Suite 2500, Chicago, IL 60606.

To be effective, a notice of intent to object to the settlement must include the

settlement class member's:

    a.      Full name;

    b.      Address;

    c.      Telephone number called by Convergent, demonstrating membership in a settlement class;

    d.      Statement demonstrating membership in a settlement class;

    e.      Identification of any documentation demonstrating membership in a settlement class;

    f.      A statement of the specific objection(s);

    g.      A description of the facts underlying the objection(s);

    h.      The grounds for the objection(s);

    i.      A list of all witnesses the settlement class member intends to call by live testimony, deposition testimony, or affidavit or declaration testimony;

    j.      A list of exhibits the settlement class member intends to present; and

    k.      A statement noting whether the settlement class member intends to appear at the fairness hearing.

Any settlement class member who has timely filed an objection may appear at the settlement approval hearing, in person or by counsel, to be heard to the extent allowed by this Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees and costs. Any objection that includes a request for

exclusion will be treated as an exclusion. And any settlement class member that submits both an exclusion and an objection will be treated as having excluded himself or herself from the settlement.

If this Court grants final approval of the settlement, the settlement administrator will mail a settlement check to each settlement class member who submits a valid, timely claim.

The Court will conduct a hearing on _____, **2019** at the U.S. District Court for the Eastern District of Michigan Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226, to review and rule upon the following issues:

A.  Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

B.  Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by the Court;

C.  Whether a final order and judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the released claims against the released parties; and

D.  To discuss and review other issues as the Court deems appropriate.

Attendance by settlement class members at the final approval hearing is not necessary. Settlement class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement class members wishing to be heard are, however, required to appear at the final approval hearing. The final approval hearing may be postponed, adjourned, transferred, or continued without further notice to the class members.

Memoranda in support of the proposed settlement must be filed with this Court no later than thirty days before the final approval hearing *i.e.*, **no later than _____, 2019**. Opposition briefs to any of the foregoing must be filed no later than fourteen days before the final approval hearing, *i.e.*, **no later than _____, 2019**. Reply memoranda in support of the foregoing must be filed with this Court no later than seven days before the final approval hearing, *i.e.*, **no later than _____, 2019**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and expenses by class counsel, or in support of an incentive award, must be filed with the Court no later than thirty days before the deadline for settlement class members to object to, or exclude themselves from, the settlement, *i.e.*, **no later than _____, 2019**. Opposition briefs to any of the foregoing must be filed no later than thirty days thereafter, *i.e.*, **no later than _____,**

**2019**. Reply memoranda in support of the foregoing must be filed with this Court no later than fourteen days after the deadline for settlement class members to object to, or exclude themselves from, the settlement.

The Agreement and this order will be null and void if either of the parties terminates the Agreement per its terms. The events described in the Agreement, however, provide grounds for terminating the Agreement only after the parties have attempted and completed good faith negotiations to salvage the settlement but were unable to salvage the settlement.

If the Agreement or this order are voided, then the Agreement will be of no force and effect and the parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

The Court sets the following schedule:

| Date | Event |
| --- | --- |
| | Preliminary Approval Order Entered |
| | Notice Sent (thirty days after entry of Preliminary Approval Order) |

11

Attorneys' Fees Petition Filed (thirty days before Exclusion and Objection Deadline)

Opposition to Attorneys' Fees Petition (thirty days after Attorneys' Fees Petition filed)

Deadline to Submit Claims, Send Exclusion, or File Objection (seventy-five days after entry of Preliminary Approval Order)

Reply in Support of Attorneys' Fees Petition (fourteen days after the deadline for settlement class members to object to, or exclude themselves from, the settlement)

Motion for Final Approval Filed (thirty days before final approval hearing)

Opposition to Motion for Final Approval Due (fourteen days before final approval hearing)

Reply in support of Motion for Final Approval (seven days before final approval hearing)

Final Approval Hearing Held

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Michael Sheean, *on behalf of himself and others similarly situated*, )<br><br>Plaintiff, )<br><br>v. )<br><br>Convergent Outsourcing, Inc. )<br><br>Defendant. ) | Case No: 2:18-cv-11532-GCS-RSW<br><br>Hon. George Caram Steeh |

## [PROPOSED] FINAL ORDER AND JUDGMENT

On May 15, 2018, Michael Sheean ("Plaintiff" or "Class Representative") filed a class action complaint (the "Lawsuit") against Convergent Outsourcing, Inc. ("Defendant") in the United States District Court, Eastern District of Michigan, Case No. 2:18-cv-11532-GCS-RSW, asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Defendant has denied any and all liability alleged in the Lawsuit.

On _____, after extensive arms-length negotiations, Plaintiff and Defendant (the "Parties") entered into a written class action settlement agreement (the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On _____ the parties filed the Agreement, along with Plaintiff's unopposed motion for preliminary approval of class action settlement (the

1

"Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant, through the settlement administrator, served written notice of the proposed class settlement as directed.

On _____, upon consideration of Plaintiff's Preliminary Approval Motion and the record, this Court entered an order of preliminary approval of class action settlement ("Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, this Court, among other things, (i) conditionally approved the proposed settlement and (ii) set the date and time of the final approval hearing.

On _____, Plaintiff filed a motion for final approval of class action settlement (the "Final Approval Motion").

On _____, a final approval hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court.

The Parties now request final certification of the settlement classes under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

This Court has read and considered the Agreement, Motion for Final Approval, and the record of these proceedings.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is finally certified, for settlement purposes only, as a class action on behalf of the following settlement class members with respect to the claims asserted in the Lawsuit:

> *TCPA Class*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) by using an automatic telephone dialing system or an artificial or prerecorded voice, (3) from November 11, 2016 through February 25, 2019, (4) either (i) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Convergent Outsourcing, Inc.'s calls, or (ii) directed to a number assigned to a cellular telephone service, to which Convergent Outsourcing, Inc. was previously instructed to stop placing calls or informed that the number was a wrong number.

> *FDCPA Class*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) from May 15, 2017 through February 25, 2019, (3) and in connection with the collection of a consumer debt, (4) after Convergent Outsourcing, Inc. was instructed to stop placing calls to his or her telephone number or informed that the number was a wrong number.

Pursuant to Fed. R. Civ. P. 23, this Court finally certifies Michael Sheean as the class representative and Aaron D. Radbil, Michael L. Greenwald, and James L. Davidson, of Greenwald Davidson Radbil PLLC, as class counsel.

Pursuant to this Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the settlement class members

3

of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. This Court finds that the notice was clearly designed to advise settlement class members of their rights.

This Court finds that the settlement classes satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.   The settlement class members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.   There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

C.   Plaintiff's claims are typical of the claims of the settlement class members;

D.   Plaintiff and class counsel have fairly and adequately represented and protected the interests of all settlement class members; and

E.   Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court finds that the settlement of this action, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors: the strength of Plaintiff's case, the complexity, expense, and probable duration of further litigation, the amount of discovery engaged in by the parties, the risk and delay inherent in possible appeals, and, the opinions of class counsel. *See N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 236 (E.D. Mich. 2016).

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

> *Approval of the Proposal.* If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

(A)     the class representatives and class counsel have adequately represented the class;

(B)     the proposal was negotiated at arm's length;

(C)     the relief provided for the class is adequate, taking into account:

(i)     the costs, risks, and delay of trial and appeal;

(ii)     the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

> > (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and
>
> > (iv)   any agreement required to be identified under Rule 23(e)(3); and
>
> (D)   the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Agreement, which is deemed incorporated into this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A.   <u>Settlement Funds</u> – Convergent will establish respective $3.71 million (for the TCPA settlement class) and $40,000 (for the FDCPA settlement class) funds (the "Settlement Funds").

B.   <u>Deductions</u> - The following are to be deducted from the Settlement Funds before any other distributions are made:

a.   The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify potential settlement class members;

b.   Plaintiff's attorneys' fees, in the amount of one-third of the Settlement Funds, and the reimbursement of class counsel's litigation costs and

expenses, in the amounts of $_____ (for the TCPA settlement class) and

$_____ (for the FDCPA settlement class); and

        c.     The Incentive Payment to Plaintiff. Michael Sheean will receive

$_____ from the TCPA settlement fund as acknowledgment of his role in

prosecuting TCPA claims on behalf of settlement class members, and

$_____ from the FDCPA settlement fund as acknowledgment of his role in

prosecuting FDCPA claims on behalf of settlement class members.

        C.    <u>Settlement Payments to Class Members</u> - Each settlement class member

who has submitted a valid and timely claim form will receive compensation as set

forth in the Agreement. Each settlement check will be void one-hundred twenty days

after issuance.

        The settlement class members were given an opportunity to object to the

settlement. ____ settlement class members objected to the settlement. ____ settlement

class members made a valid and timely request for exclusion.

        This order is binding on all settlement class members, except the following

individuals who made valid and timely requests for exclusion: _____.

        Plaintiff, settlement class members, and their successors and assigns are

permanently barred from pursuing, either individually or as a class, or in any other

capacity, any of the released claims against any of the released parties, as set forth in

the Agreement. Pursuant to the release contained in the Agreement, the released

claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This final order and judgment bars and permanently enjoins Plaintiff and all members of the settlement classes from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), relating to the released claims, and (b) attempting to effect opt outs of a class of individuals in any lawsuit or arbitration proceeding based on the released claims, except that settlement class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement are not, and will not be construed as, an admission by Convergent of any liability or wrongdoing in this or in any other proceeding.

This Court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to the Lawsuit or Agreement, including the administration,

interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to class counsel.

Class counsel's request for an award of attorneys' fees of one-third of the settlement funds is approved.

Class counsel's request for reimbursement of reasonable litigation costs and expenses in the total amount of $_____ is approved.

Plaintiff's request for an incentive award of $_____ is approved.

IT IS SO ORDERED.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE