# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Michael Sheean, *on behalf of himself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> Convergent Outsourcing, Inc. <br><br> Defendant. | Case No: 2:18-cv-11532-GCS-RSW <br><br> Hon. George Caram Steeh |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

This Court having been advised that the parties to this action, Michael Sheean ("Plaintiff" or "Class Representative"), and Convergent Outsourcing, Inc. ("Defendant"), through their respective counsel, have agreed, subject to this Court's approval following notice to the settlement class members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the parties' class action settlement agreement ("Agreement"), which Plaintiff filed with this Court:

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings in this matter, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on **November 14, 2019 at 2:30 p.m. in**

**Courtroom #206**, after notice to the settlement class members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a final order and judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant, through a claims administrator, will cause to be served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state in which any settlement class member resides.

This Court conditionally certifies this case as a class action under to Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following settlement classes:

> *TCPA Class*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) by using an automatic telephone dialing system or an artificial or prerecorded voice, (3) from November 11, 2016 through February 25, 2019, (4) either (i) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Convergent Outsourcing, Inc.'s calls, or (ii) directed to a number assigned to a cellular telephone service, to which Convergent Outsourcing, Inc. was previously instructed to stop placing calls or informed that the number was a wrong number.

*FDCPA Class*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) from May 15, 2017 through February 25, 2019, (3) and in connection with the collection of a consumer debt, (4) after Convergent Outsourcing, Inc. was instructed to stop placing calls to his or her telephone number or informed that the number was a wrong number.

Defendant identified a total of 349,744 TCPA settlement class members and 571 FDCPA settlement class members.

This Court appoints Michael Sheean as the representative for the settlement classes, and appoints Aaron D. Radbil, Michael L. Greenwald, and James L. Davidson, of Greenwald Davidson Radbil PLLC, as class counsel.

This Court preliminarily finds, for settlement purposes only, that this action satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

A. The settlement class members are so numerous and geographically dispersed that joinder of all of them is impracticable;

B. There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

C. Plaintiff's claims are typical of the claims of the settlement class members;

D. Plaintiff and class counsel have fairly and adequately represented and protected the interests of all of the settlement class members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, especially in light of the benefits to the settlement class members, the strength of Plaintiff's case, the complexity, expense, and probable duration of further litigation, the amount of discovery engaged in by the parties, the risk and delay inherent in possible appeals, and, the opinions of class counsel. *See N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 236 (E.D. Mich. 2016).

This Court also considered the following factors in preliminarily finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

*Approval of the Proposal.* If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

(A)  the class representatives and class counsel have adequately represented the class;

(B)  the proposal was negotiated at arm's length;

(C)  the relief provided for the class is adequate, taking into account:

    (i)  the costs, risks, and delay of trial and appeal;

    (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii)  the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv)  any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

A third-party settlement administrator—KCC LLC—will administer the settlement and notification to the settlement class members. The settlement administrator will be responsible for mailing the approved class action notices and settlement checks to the settlement class members. All reasonable costs of notice and administration will be paid from the respective settlement funds.

This Court approves the form and substance of the proposed notices of the

class action settlement, which includes respective postcard notices, respective detachable claim forms, and respective question-and-answer notices to appear on the respective dedicated websites.

The proposed notices and method for notifying the settlement class members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-1971-T-27AAS, 2019 WL 1450090, at *2 (M.D. Fla. Apr. 2, 2019); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS, 2016 WL 6908118, at *2 (M.D. Fla. Nov. 22, 2016).

This Court additionally finds that the proposed notices are clearly designed to advise the settlement class members of their rights.

In accordance with the Agreement, the settlement administrator will mail the notices to the settlement class members as expeditiously as possible, but in no event later than 30 days after this Court's entry of this order, *i.e.*, **no later than August 8, 2019**.

Any settlement class member who desires to be excluded from the settlement must send a written request for exclusion to the settlement administrator with a

postmark date no later than 75 days after the Court's entry of this order, *i.e.*, **no later than September 23, 2019**. To be effective, the written request for exclusion must state the settlement class member's full name, address, telephone number called by Convergent, and email address (if available), along with a statement that the settlement class member wishes to be excluded, and must be signed by the settlement class member. Any settlement class member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any settlement class member who fails to submit a valid and timely request for exclusion will be considered a settlement class member and will be bound by the terms of the Agreement.

Any settlement class member who intends to object to the fairness of this settlement must file a written objection with the Court within 75 days after the Court's entry of this order, *i.e.*, **no later than September 23, 2019**. Further, any such settlement class member must, within the same time period, provide a copy of the written objection to class counsel, attention: Aaron D. Radbil, Greenwald Davidson Radbil PLLC, 401 Congress Ave,. Ste. 1540, Austin, TX 78701, and counsel for Defendant, attention: Nabil G. Foster, Hinshaw & Culbertson LLP, 151 North Franklin Street Suite 2500, Chicago, IL 60606.

To be effective, a notice of intent to object to the settlement must include the

settlement class member's:

    a.    Full name;

    b.    Address;

    c.    Telephone number called by Convergent, demonstrating membership in a settlement class;

    d.    Statement demonstrating membership in a settlement class;

    e.    Identification of any documentation demonstrating membership in a settlement class;

    f.    A statement of the specific objection(s);

    g.    A description of the facts underlying the objection(s);

    h.    The grounds for the objection(s);

    i.    A list of all witnesses the settlement class member intends to call by live testimony, deposition testimony, or affidavit or declaration testimony;

    j.    A list of exhibits the settlement class member intends to present; and

    k.    A statement noting whether the settlement class member intends to appear at the fairness hearing.

Any settlement class member who has timely filed an objection may appear at the settlement approval hearing, in person or by counsel, to be heard to the extent allowed by this Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees and costs. Any objection that includes a request for

exclusion will be treated as an exclusion. And any settlement class member that submits both an exclusion and an objection will be treated as having excluded himself or herself from the settlement.

If this Court grants final approval of the settlement, the settlement administrator will mail a settlement check to each settlement class member who submits a valid, timely claim.

The Court will conduct a hearing on **November 14, 2019 at 2:30 p.m.** at the U.S. District Court for the Eastern District of Michigan Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Courtroom #206, Detroit, MI 48226, to review and rule upon the following issues:

A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by the Court;

C. Whether a final order and judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the released claims against the released parties; and

D. To discuss and review other issues as the Court deems appropriate.

Attendance by settlement class members at the final approval hearing is not necessary. Settlement class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement class members wishing to be heard are, however, required to appear at the final approval hearing. The final approval hearing may be postponed, adjourned, transferred, or continued without further notice to the class members.

Memoranda in support of the proposed settlement must be filed with this Court no later than thirty days before the final approval hearing *i.e.*, **no later than October 11, 2019**. Opposition briefs to any of the foregoing must be filed no later than fourteen days before the final approval hearing, *i.e.*, **no later than October 25, 2019**. Reply memoranda in support of the foregoing must be filed with this Court no later than seven days before the final approval hearing, *i.e.*, **no later than November 1, 2019**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and expenses by class counsel, or in support of an incentive award, must be filed with the Court no later than thirty days before the deadline for settlement class members to object to, or exclude themselves from, the settlement, *i.e.*, **no later than August 23, 2019**. Opposition briefs to any of the foregoing must be filed no later than thirty days thereafter, *i.e.*, **no later than September 23, 2019**.

Reply memoranda in support of the foregoing must be filed with this Court no later than fourteen days after the deadline for settlement class members to object to, or exclude themselves from, the settlement.

The Agreement and this order will be null and void if either of the parties terminates the Agreement per its terms. The events described in the Agreement, however, provide grounds for terminating the Agreement only after the parties have attempted and completed good faith negotiations to salvage the settlement but were unable to salvage the settlement.

If the Agreement or this order are voided, then the Agreement will be of no force and effect and the parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

The Court sets the following schedule:

| **Date** | **Event** |
| --- | --- |
| 7/8/19 | Preliminary Approval Order Entered |
| 8/8/19 | Notice Sent (thirty days after entry of Preliminary Approval Order) |

| | |
|---|---|
| 8/23/19 | Attorneys' Fees Petition Filed (thirty days before Exclusion and Objection Deadline) |
| 9/23/19 | Opposition to Attorneys' Fees Petition (thirty days after Attorneys' Fees Petition filed) |
| 9/23/19 | Deadline to Submit Claims, Send Exclusion, or File Objection (seventy-five days after entry of Preliminary Approval Order) |
| 10/7/19 | Reply in Support of Attorneys' Fees Petition (fourteen days after the deadline for settlement class members to object to, or exclude themselves from, the settlement) |
| 10/11/19 | Motion for Final Approval Filed (thirty days before final approval hearing) |
| 10/25/19 | Opposition to Motion for Final Approval Due (fourteen days before final approval hearing) |
| 11/1/19 | Reply in support of Motion for Final Approval (seven days before final approval hearing) |
| 11/14/19 2:30 pm | Final Approval Hearing Held |

IT IS SO ORDERED.

s/George Caram Steeh
UNITED STATES DISTRICT JUDGE

Dated: July 8, 2019