UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Michael Sheean, *on behalf of himself and others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>Convergent Outsourcing, Inc.,<br><br>    Defendant. | Case No: 2:18-cv-11532-GCS-RSW<br><br>Hon. George Caram Steeh<br><br>Mag. Judge R. Steven Whalen |

**FINAL ORDER AND JUDGMENT**

On May 15, 2018, Michael Sheean ("Plaintiff" or "Class Representative") filed a class action complaint (the "Lawsuit") against Convergent Outsourcing, Inc. ("Defendant") in the United States District Court, Eastern District of Michigan, Case No. 2:18-cv-11532-GCS-RSW, asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Defendant has denied any and all liability alleged in the Lawsuit.

On or around June 26, 2019, after extensive arms-length negotiations, Plaintiff and Defendant (the "Parties") entered into a written class action settlement agreement (the "Agreement"), *see* ECF No. 57 at 20-38, which is subject to review under Fed. R. Civ. P. 23.

1

On June 27, 2019, the Parties filed the Agreement,[1] along with Plaintiff's unopposed motion for preliminary approval of class action settlement (the "Preliminary Approval Motion"). ECF No. 56.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant, through the settlement administrator, served written notice of the proposed class settlement as directed.

On July 8, 2019, upon consideration of Plaintiff's Preliminary Approval Motion and the record, this Court entered an order of preliminary approval of class action settlement ("Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, this Court, among other things, (i) conditionally approved the proposed settlement and (ii) set the date and time of the final approval hearing. ECF No. 59.

On August 23, 2019, Plaintiff filed his unopposed motion for attorneys' fees, costs, expenses, and an incentive award. ECF No. 60.

On October 11, 2019, Plaintiff filed his unopposed motion for final approval of class action settlement (the "Final Approval Motion").

On November 14, 2019, a final approval hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy the

---

[1] The parties originally filed the Agreement on June 27, 2019, ECF No. 56-1, but submitted an amended filing on July 1, 2019. ECF No. 57.

applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court.

The Parties now request final certification of the settlement classes under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

This Court has read and considered the Agreement, Motion for Final Approval, and the record of these proceedings.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is finally certified, for settlement purposes only, as a class action on behalf of the following settlement class members with respect to the claims asserted in the Lawsuit:

> *TCPA Class*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) by using an automatic telephone dialing system or an artificial or prerecorded voice, (3) from November 11, 2016 through February 25, 2019, (4) either (i) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Convergent Outsourcing, Inc.'s calls, or (ii) directed to a number assigned to a cellular telephone service, to which Convergent Outsourcing, Inc. was previously instructed to stop placing calls or informed that the number was a wrong number.
>
> *FDCPA Class*: All persons throughout the United States (1) to whom Convergent Outsourcing, Inc. placed, or caused to be placed, a call, (2) from May 15, 2017 through February 25, 2019, (3) and in

connection with the collection of a consumer debt, (4) after Convergent Outsourcing, Inc. was instructed to stop placing calls to his or her telephone number or informed that the number was a wrong number.

Pursuant to Fed. R. Civ. P. 23, this Court finally certifies Michael Sheean as the class representative and Aaron D. Radbil, Michael L. Greenwald, and James L. Davidson of Greenwald Davidson Radbil PLLC, as class counsel.

Pursuant to this Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the settlement class members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. This Court finds that the notice was clearly designed to advise settlement class members of their rights.

This Court finds that the settlement classes satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    A.    The settlement class members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    B.    There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

    C.    Plaintiff's claims are typical of the claims of the settlement class members;

D.  Plaintiff and class counsel have fairly and adequately represented and protected the interests of all settlement class members; and

E.  Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court finds that the settlement of this action, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

*Approval of the Proposal.* If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

   (i) the costs, risks, and delay of trial and appeal;

   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

   (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Agreement, which is deemed incorporated into this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A. <u>Settlement Funds</u> – Convergent will establish respective $3.71 million (for the TCPA settlement class) and $40,000 (for the FDCPA settlement class) funds (the "Settlement Funds").

B.  **Deductions** - The following are to be deducted from the Settlement Funds before any other distributions are made:

a.  The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify potential settlement class members;

b.  Plaintiff's attorneys' fees, in the amount of $1,250,000.00 (one-third of the Settlement Funds), and the reimbursement of class counsel's litigation costs and expenses in the amount of $13,337.49 ($7,271.87 from the TCPA settlement fund, and $6,065.62 from the FDCPA settlement fund); and

c.  The Incentive Payment to Plaintiff. Michael Sheean will receive $4,450.00 from the TCPA settlement fund as acknowledgment of his role in prosecuting TCPA claims on behalf of settlement class members, and $50.00 from the FDCPA settlement fund as acknowledgment of his role in prosecuting FDCPA claims on behalf of settlement class members.

C.  **Settlement Payments to Class Members** - Each settlement class member who has submitted a valid and timely claim form will receive compensation as set forth in the Agreement. Each settlement check will be void one-hundred twenty days after issuance.

The settlement class members were given an opportunity to object to the settlement. No settlement class members objected to the settlement or the requests

7

for attorneys' fees, costs, expenses, or an incentive award. 15 TCPA settlement class members made a valid and timely request for exclusion. No FDCPA settlement class members made a valid and timely request for exclusion.

This order is binding on all settlement class members, except the following individuals who made valid and timely requests for exclusion:

- Shakeita D. Blackwell;
- Russell Brown;
- Frank Castellano;
- Yogananda Chandramouli;
- Ann Cifani;
- Lonna Emerson;
- Timothy Granger;
- Blanca Elizabeth Gutierrez;
- Demetrius Johnson;
- Jackie Johnson;
- Alison Lawrence;
- Veronica Lee;
- Dorothy J. Peterson;
- Lewanda Pharagood; and
- Jorge Rodriguez.

Plaintiff, settlement class members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the released claims against any of the released parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This final order and judgment bars and permanently enjoins Plaintiff and all members of the settlement classes from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), relating to the released claims, and (b) attempting to effect opt-outs of a class of individuals in any lawsuit or arbitration proceeding based on the released claims, except that settlement class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement are not, and will not be construed as, an admission by Convergent of any liability or wrongdoing in this or in any other proceeding.

This Court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to the Lawsuit or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the

settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to class counsel.

For the reasons set forth in Plaintiff's unopposed motion for attorneys' fees, costs, expenses, and an incentive award, ECF No. 60, class counsel's request for an award of attorneys' fees of $1,250,000.00, or one-third of the settlement funds, is approved.

Class counsel's request for reimbursement of reasonable litigation costs and expenses in the total amount of $13,337.49 is approved. *See id*.

Plaintiff's request for a combined incentive award of $5,000.00 is approved. *See id*.

IT IS SO ORDERED.

DATED: November 14, 2019        s/George Caram Steeh
                                _____
                                UNITED STATES DISTRICT JUDGE